1  Steven W. Fogg, WSBA No. 23528
2  CORR CRONIN LLP
   1015 Second Avenue, Floor 10
3  Seattle, WA 98104-1001
   Ph: (206) 625-8600
4

5

6

7

8                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
9

10 | NATIONAL SHOOTING SPORTS       No. 2:23-cv-00113-MKD
   | FOUNDATION,
11 |                                DECLARATION OF JEFF REH ON
   |          Plaintiff,            BEHALF OF BERETTA U.S.A.
12 |                                CORP.
   | v.
13 |
   | ROBERT W. FERGUSON,
14 | ATTORNEY GENERAL OF THE
   | STATE OF WASHINGTON,
15 |
   |          Defendant.
16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF JEFF REH - 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# CERTIFICATE OF SERVICE

I hereby certify that on (Date), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED at Seattle, Washington on 4th day of May, 2023.

*s/ Megan Johnston*
Megan Johnston, Legal Assistant
Corr Cronin LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104
Phone: (206) 625-8600
Email: mjohnston@corrcronin.com

DECLARATION OF JEFF REH

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## Declaration of Jeff Reh on Behalf of Beretta U.S.A. Corp.

I, Jeff Reh, hereby declare as follows.

1.      I am over the age of 18 years, and I am qualified to submit this declaration on behalf of Beretta U.S.A. Corp., where I am the General Counsel. I have served in that capacity for more than twenty years. I have personal knowledge of the facts set forth herein through direct involvement and by personally reviewing company records and information.

2.      Beretta U.S.A. Corp. is a Maryland corporation with its principal place of business in Maryland.

3.      Beretta U.S.A. Corp. is a federal firearms licensee licensed by the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives.

4.      Beretta U.S.A. Corp. is a corporation engaged in the manufacture of firearms and so is a "firearm industry member" as that term is used and defined in the recently enacted Washington Senate Bill 5078 ("SB 5078").

5.      Beretta U.S.A. Corp. is also a "manufacturer" as that term is used and defined in the federal Protection of Lawful Commerce in Arms Act. *See* 15 U.S.C. §7903(2).

6.      Beretta U.S.A. Corp. manufactures firearms in Tennessee for civilian use in every state in the country. Beretta U.S.A. Corp. does not have any manufacturing operations in Washington. Beretta U.S.A. Corp. does not sell directly to any civilian in Washington.

7.      Beretta U.S.A. Corp. uses both a two-step and a one-step distribution system in the domestic market. In Beretta U.S.A. Corp.'s two-step distribution system, the company sells firearms for domestic civilian use to a small number of independent, federally licensed distributors in accordance with all applicable state, federal and local laws. All of these transactions take place in states outside of Washington. None takes place in Washington.

8. The distributors with which Beretta U.S.A. Corp. transacts in turn sell the products throughout the United States to independent, federally licensed retailers in accordance with applicable federal, state, and local laws. Beretta U.S.A. Corp. is not a party to any of these transactions. These independent, federally licensed retailers then sell the firearms to consumers in accordance with applicable federal, state, and local laws. None of the "downstream distributor[s]" with whom Beretta U.S.A. Corp. directly deals in this distribution system is located in Washington.

9. A Beretta U.S.A. Corp. firearm destined for the domestic, consumer market typically is, in this two-step distribution system, subject to three, federally regulated transactions before it reaches the hands of a consumer.

10. In Beretta U.S.A.'s one-step distribution system, Beretta U.S.A. Corp. sells its firearm products direct to selected dealers located throughout the United States. Those dealers, in turn, are only allowed to sell Beretta U.S.A. Corp. firearm products to civilian consumers if the consumer passes an FBI-conducted background check prior to the sale.

11. Beretta U.S.A. Corp. is unable to determine what marketing activity might be construed as a violation of SB 5078. Accordingly, the only way for Beretta U.S.A. Corp. to be sure that it would avoid liability for such activity would be to cease all marketing activity entirely—and not just in Washington, but, in order to mitigate risk due to Beretta U.S.A. Corp.'s online advertising, throughout the United States.

12. As a result of SB 5078, Beretta U.S.A. Corp. faces severe liability for the misdeeds of others that it does not know, has never dealt with, and obviously cannot control. Specifically, if a criminal misuses or illegally possesses one of Beretta U.S.A. Corp.'s products in Washington in such a way as to violate SB 5078's terms, then Beretta U.S.A. Corp. could face liability under Washington law even though all relevant conduct by Beretta U.S.A. Corp.—the manufacture, sale,



transport, shipment, and advertising of the product—not only complied with all applicable laws and regulations in the place undertaken, but took place entirely outside of Washington.

13. Because SB 5078 regulates out-of-state conduct and punishes firearms manufacturers for the misdeeds of others, there is no way for Beretta U.S.A. Corp. to eliminate the potential for liability under SB 5078 other than shutting down operations entirely.

14. Furthermore, Beretta U.S.A. Corp. faces the prospect of severe liability under SB 5078 for the youth-model firearms it manufactures, including (but not limited to) youth-model shotguns. SB 5078 by its terms authorizes Washington courts to impose "public nuisance" liability on manufacturers like Beretta U.S.A. Corp. merely for "manufactur[ing], ... market[ing], ... or offer[ing] for retail [or wholesale] sale" any firearm that is "[d]esigned, sold, or marketed in a manner that is targeted at minors," even if minors are permitted to use the firearms in question.

15. Absent an injunction, Beretta U.S.A. Corp. will be irreparably harmed by being forced to cease lawful, federally licensed operations or face liability, both of which would have a significant, harmful impact on the company's revenue.

16. In addition, because SB 5078's standards are vague and unattainable, and liability under attaches based upon the behavior of third-party criminals outside Beretta U.S.A. Corp.'s control, Beretta U.S.A. Corp. will continually be at risk of litigation and potential liability unless it ceases doing business as a federally licensed firearms manufacturer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of April, 2023.

By: _____
Jeff Reh