Steven W. Fogg, WSBA No. 23528
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Ph: (206) 625-8600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT W. FERGUSON, ATTORNEY GENERAL OF THE STATE OF WASHINGTON,<br><br>Defendant. | No. 2:23-cv-00113-MKD<br><br>DECLARATION OF SUSAN CUPERO ON BEHALF OF SMITH & WESSON INC. |

DECLARATION OF SUSAN CUPERO - 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# CERTIFICATE OF SERVICE

I hereby certify that on (Date), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED at Seattle, Washington on 4th day of May, 2023.

*s/ Megan Johnston*
Megan Johnston, Legal Assistant
Corr Cronin LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104
Phone: (206) 625-8600
Email: mjohnston@corrcronin.com

DECLARATION OF SUSAN CUPERO

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### Declaration of Susan Cupero on Behalf of Smith & Wesson Inc.

I, Susan Cupero, hereby declare as follows.

1. I am over the age of 18 years, and I am qualified to submit this declaration on behalf of Smith & Wesson Inc. ("Smith & Wesson"), where I am Vice President, Sales.

2. I have personal knowledge of the facts set forth herein through direct involvement and by personally reviewing company records and information.

3. Smith & Wesson is a Delaware corporation with its principal place of business in Massachusetts.

4. Smith & Wesson is a federal firearms licensee licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

5. Smith & Wesson is a corporation engaged in the manufacture of firearms and so is a "firearm industry member" as that term is used and defined in the recently enacted Washington Senate Bill 5078 ("SB 5078").

6. Smith & Wesson is also a "manufacturer" as that term is used and defined in the federal Protection of Lawful Commerce in Arms Act. *See* 15 U.S.C. §7903(2).

7. Smith & Wesson manufactures firearms in Massachusetts and Connecticut for civilian use in every state in the country. Smith & Wesson does not have any manufacturing operations in Washington. Smith & Wesson does not sell directly to any civilian in Washington.

8. Smith & Wesson sells firearms for domestic civilian use to a small number of independent, federally licensed distributors and buying groups in accordance with all applicable state, federal and local laws.

9. The distributors with which Smith & Wesson transacts in turn sell the products throughout the United States to independent, federally licensed retailers in accordance with

applicable federal, state, and local laws. Smith & Wesson is not a party to any of these transactions. These independent, federally licensed retailers then sell the firearms to consumers in accordance with applicable federal, state, and local laws.

10. Smith & Wesson is unable to determine what marketing activity might be construed as a violation of SB 5078. Accordingly, the only way for Smith & Wesson to be sure that it would avoid liability for such activity would be to cease all marketing activity entirely—and not just in Washington, but, in order to mitigate risk due to Smith & Wesson's online advertising, throughout the United States.

11. As a result of SB 5078, Smith & Wesson faces severe liability for the misdeeds of others that it does not know, has never dealt with, and obviously cannot control. Specifically, if a criminal misuses or illegally possesses one of Smith & Wesson's products in Washington in such a way as to violate SB 5078's terms, then Smith & Wesson could face liability under Washington law even though all relevant conduct by Smith & Wesson—the manufacture, sale, transport, shipment, and advertising of the product—not only complied with all applicable laws and regulations in the place undertaken, but took place entirely outside of Washington.

12. Because SB 5078 regulates out-of-state conduct and punishes firearms manufacturers for the misdeeds of others, there is no way for Smith & Wesson to eliminate the potential for liability under SB 5078 other than shutting down operations entirely.

13. Furthermore, Smith & Wesson faces the prospect of severe liability under SB 5078 for the youth-model firearms it manufactures. SB 5078 authorizes Washington courts to impose" liability on firearms manufacturers merely for "manufactur[ing], ... market[ing], ... or offer[ing] for retail [or wholesale] sale" any firearm that is "[d]esigned, sold, or marketed in a manner that is targeted at minors," even if minors are permitted to use the firearms in question.

14. Absent an injunction, Smith & Wesson will be irreparably harmed by being forced to cease lawful, federally licensed operations or face liability, both of which would have a significant, harmful impact on the company's revenue.

15. In addition, because SB 5078's standards are vague and unattainable, and liability under it attaches based upon the behavior of third-party criminals outside Smith & Wesson's control, Smith & Wesson will continually be at risk of litigation and potential liability unless it ceases doing business as a federally licensed firearms manufacturer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of April, 2023.

By: _____
Susan Cupero