ZACHARY J. PEKELIS, WSBA #44557
KAI A. SMITH, WSBA #54749
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NATIONAL SHOOTING SPORTS FOUNDATION, INC.,

    Plaintiffs,

v.

ROBERT W. FERGUSON, ATTORNEY GENERAL OF THE STATE OF WASHINGTON,

    Defendant.

No.  2:23-cv-00113-MKD

MOTION TO INTERVENE

**NOTED ON MOTION CALENDAR:**
May 30, 2023
Without Oral Argument

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ............................................................... 2

    A. Purpose and Scope of SB 5078 ..................................................... 2

    B. The Alliance Was the Primary Organizer of Support to Pass SB 5078 ............................................................................... 4

    C. Plaintiff's Lawsuit ......................................................................... 5

III. AUTHORITY AND ARGUMENT ..................................................... 6

    A. The Court Should Grant Permissive Intervention ........................ 6

        1. The Alliance's defense shares common questions of law and fact .................................................................... 7

        2. The remaining requirements are met or are inapplicable ... 8

        3. Additional factors weigh in favor of permissive intervention ................................................................... 9

IV. CONCLUSION ................................................................................. 10

MOTION TO INTERVENE - i
Case No. 2:23-cv-00113-MKD

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

The Alliance for Gun Responsibility (the "Alliance") moves unopposed to intervene in this lawsuit to defend the constitutionality of a common-sense gun safety law the Alliance dedicated significant resources to enact. Substitute Senate Bill 5078 ("SB 5078" or "the Law") seeks to address the public health crisis of gun violence by requiring firearm industry members to adopt and implement reasonable measures to prevent the diversion of firearms to illegal secondary markets or to individuals who pose a risk to themselves or others. The Alliance actively assisted in developing and researching these restrictions and was ultimately the primary organizer of public support for the passage of SB 5078. The Alliance coordinated tens of thousands of communications to legislators and facilitated the testimony of law enforcement officers, gun-violence survivors, advocates, and policy experts in support of the bill. Having invested considerable organizational resources to achieve SB 5078's enactment, the Alliance seeks to defend the law against Plaintiff's suit, which aims to undo its work and strike down the law.

Permissive intervention is warranted. The Alliance's defense of SB 5078 has common questions of law and fact with this litigation – namely, whether the Law is constitutional. Second, this Motion is timely and will not cause undue delay or prejudice to the other parties: the Motion is unopposed, the lawsuit was initiated only four weeks ago, and the Court has not made any substantive rulings. Further, the "independent jurisdiction grounds" requirement is inapplicable because the Alliance does not intend to assert any state-law claim in this federal-question case. Finally, the Alliance has unique and valuable expertise with respect to firearms and gun violence. As in *Brumback v. Ferguson*, 343 F.R.D. 335, 339 (E.D. Wash. 2022)

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(Dimke, J.) and *Banta, et al. v. Ferguson, et al.*, No. 2:23-CV-00112-MKD, ECF No. 29 (W.D. Wash. May 19, 2023) (Dimke, J.), this Court should grant the Alliance's Motion.

As noted above, Defendant Robert Ferguson does not oppose the Motion. Plaintiff also does not oppose the Motion with the "understanding that the Alliance's proposed intervention will not result in an imbalance in pages or argument time for each side."

## II.     FACTUAL BACKGROUND

### A. Purpose and Scope of SB 5078

On April 14, 2023, the legislature passed SB 5078, and on April 25, Governor Inslee signed the bill into law. The purpose of SB 5078 is to promote public safety and reduce gun violence by establishing duties on firearm industry members. 2023 Wash. Laws ch. 163, § 1. The Law seeks to accomplish that goal by requiring firearm industry members engaged in the sale, manufacture, distribution, import, or marketing of firearms to adopt and implement reasonable measures to prevent the diversion of firearms, ammunition, and related components to straw purchasers, firearm traffickers, and other unauthorized individuals, as well as to individuals who pose a risk to themselves or others. *Id*. § 2.

As the legislature found in enacting the law, firearm industry members profit from firearms and other lethal products that are frequently used to threaten, injure, and kill people. *Id*. § 1(3). And some of these firearm industry members have implemented irresponsible, dangerous, and unlawful business practices that exacerbate the public health crisis of gun violence and contribute to the development of an illegal secondary market for these lethal products. *Id*. § 1(1).

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Such practices not only lead to grave public harms, but also provide an unfair business advantage to irresponsible firearm industry members over more responsible competitors who take reasonable precautions to protect others' lives and well-being. *Id*.

SB 5078 seeks to ensure a level playing field for firearm industry members and incentivize safe and responsible business practices in several ways. First, firearm industry members are prohibited from knowingly creating, maintaining, or contributing to a public nuisance in Washington through the sale, manufacture, distribution, import, or marketing of a firearm industry product. *Id*. § 2(3). Second, firearm industry members are required to establish, implement, and enforce reasonable controls regarding their manufacture, sale, distribution, import, use, and marketing of firearm industry products. *Id*. § 2(4). This includes taking reasonable precautions to ensure they do not sell or distribute a firearm industry product to a straw purchaser or firearm trafficker, or to a downstream distributor or retailer of firearm industry products that fails to establish and implement their own reasonable controls. *Id*. § 2(5). Third, firearm industry members may not manufacture, distribute, import, market, or offer for wholesale or retail sale a firearm industry product that is designed, sold, or marketed in a manner that foreseeably promotes conversion of legal firearm industry products into illegal products or that targets individuals who are prohibited from purchasing or possessing firearms. *Id*. § 2(6). SB 5078 makes the violation of any of these duties a public nuisance. *Id.* § 2(7). In addition, such a violation is an "unfair or deceptive act in trade or commerce and an unfair method of competition" under Washington's Consumer Protection Act, chapter 19.86 RCW. *Id*. § 2(8).

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 3

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**B. The Alliance Was the Primary Organizer of Support to Pass SB 5078**

The Alliance is a Washington-based nonprofit organization dedicated to ending gun violence and promoting a culture of gun ownership that balances rights with responsibilities. Declaration of Renee Hopkins ("Hopkins Decl.") ¶ 2. In collaboration with local and national experts, civic leaders and citizens, the Alliance identifies and advocates for evidence-based solutions to the crisis of gun violence and promotes those solutions at the local, regional, and state levels. *Id*.

The Alliance has successfully led statewide coalitions to pass several landmark ballot measures to improve Washington's firearm laws. *Id*. ¶ 3. Those measures include Initiative 594, which required background checks for all gun sales – closing a loophole that had allowed sales by "private sellers" at gun shows, on the internet, and in other situations without background checks. *Id*. They also include Initiative Measure 1491, which allowed courts to issue Extreme Risk Protection Orders at the request of law-enforcement officers, family members, and others to keep firearms out of the hands of someone deemed a danger. *Id*. And in 2018, the Alliance successfully led the campaign - through a political committee it established – for Initiative Measure No. 1639, which established firearm safety training requirements and a 10-day waiting period to buy a semi-automatic assault rifle, and raised the age for purchase of semi-automatic assault rifles from 18 to 21. *Id*. The Alliance successfully intervened to defend I-594 and I-1639, and the Alliance is currently an intervenor-defendant in two lawsuits challenging ESSB 5078. *Id*. ¶ 4, 5; *see Brumback*, 343 F.R.D. at 339 (Dimke, J.) (granting intervention to Alliance); *Sullivan v. Ferguson*, No. 3:22-CV-0503-DGE, 2022 WL 10423165, at *6 (W.D. Wash. Oct. 18, 2022) (same). The Alliance also spent over

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  seven years working to enact restrictions on assault weapons. Hopkins Decl. ¶ 6.
2  Those restrictions were ultimately signed into law earlier this year, *id.*, and the
3  Alliance has moved to intervene in lawsuits challenging the law. *See, e.g.*, *Banta*,
4  No. 2:23-CV-00112-MKD, ECF No. 29 (W.D. Wash. May 19, 2023) (Dimke, J.)
5  (granting Alliance's motion to intervene).

6   The Alliance also has spent more than five years working on firearm
7  industry accountability measures. Hopkins Decl. ¶ 7. Most recently, the Alliance
8  worked diligently to enact the restrictions that were ultimately embodied in SB
9  5078. *Id.* ¶ 7. The Alliance actively assisted in policy research and development,
10 assisted in drafting proposed bill language, and recruited experts to provide
11 analysis of and legislative testimony on the diversion of firearms from the legal
12 market. *Id.* The Alliance also was the primary organizer of public support for
13 passage of SB 5078, coordinating thousands of advocates in support of the bill and
14 tens of thousands of communications direct to legislators. *Id.* Alliance board
15 members also testified in support of the Law. *Id.* In an acknowledgment of the
16 Alliance's leading role, its CEO and members attended the signing ceremony for
17 the Law. *Id.* ¶ 8.

18  **C. Plaintiff's Lawsuit**

19   On April 25, 2023, the same day the governor signed SB 5078 into law,
20 Plaintiff filed this lawsuit. ECF No. 1. Defendant Ferguson has not answered the
21 Complaint, no discovery has been propounded, and no substantive ruling has been
22 made.

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 5

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### III. AUTHORITY AND ARGUMENT

A party may intervene in an action by permission. Fed. R. Civ. P. 24. This rule "has received a liberal construction in favor of applications for intervention." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 527 (9th Cri. 1983) (cleaned up). Here, permissive intervention is warranted.

**A. The Court Should Grant Permissive Intervention.**

Permissive intervention is warranted under Rule 24(b)(1): "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the applicant shares a common question of law or fact with the main action, (2) the applicant's motion is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

When the above threshold criteria are met, a court has broad discretion in granting intervention. *See Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir. 2011). In exercising its discretion, courts in the Ninth Circuit generally examine several additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[.] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 6

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These factors are "nonexclusive," *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998), and "[c]ourts are free to consider other factors in their analysis." *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 646 (9th Cir. 2018) (unpublished).

### 1. The Alliance's defense shares common questions of law and fact

A would-be permissive intervenor's defense must share a common question of law or fact with the main action. The defense need only have "relation to the subject matter of the action . . . before the district court." *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993).

This Court has previously held that the Alliance raised common questions of law and fact in cases defending the constitutionality of laws it supported. *Brumback*, 343 F.R.D. at 346 (Dimke, J.) (concluding defenses the Alliance sought to bring "clearly relate[d] to the subject matter of the action, namely, the constitutionality of ESSB 5078"); *Banta*, No. 2:23-CV-00112-MKD, ECF No. 29 (W.D. Wash. May 19, 2023) (Dimke, J.) (incorporating same analysis in granting Alliance's motion to intervene to defend assault weapons restrictions); *see also Sullivan*, 2022 WL 10428165, at *5 (W.D. Wash. Oct. 18, 2022) (determining the Alliance shared a common question of law and fact between their purported defense and those in the case at hand); *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2 (W.D. Wash. Mar. 23, 2015) (Alliance presented common questions of law and fact in challenges to I-594); *Mitchell v. State*, No. 3:18-cv-5931, ECF No. 19 (W.D. Wash. Jan. 2, 2019) (permitting

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 7

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Alliance's political committee to intervene in challenge to I-1639); *Mitchell v. Atkins*, No. 3:19-cv-05106, ECF No. 35 (W.D. Wash. Apr. 2, 2019) (same).

The situation here is no different. The Alliance seeks to defend the law that it worked hard to pass. The proposed defense of SB 5078 addresses the exact issues raised by Plaintiffs' claims – i.e., whether SB 5078 is constitutional – and thus shares common questions of law and fact with the allegations in this proceeding. The Alliance meets the first requirement for permissive intervention.

**2.    The remaining requirements are met or are inapplicable.**

The timeliness requirement is met. In evaluating timeliness, the Ninth Circuit considers: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reason for and length of delay before moving for intervention. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). The Ninth Circuit has held that motions to intervene as late as four months after the filing of an initial complaint were timely. *See, e.g., Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). And existing parties are not prejudiced when a motion to intervene is filed before any substantive rulings. *See, e.g., Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).

Here, the Alliance seeks intervention four weeks after the lawsuit was initiated and before any discovery or substantive rulings. This motion is timely. *See Babbitt*, 58 F.3d at 1397 ("The intervention motion was filed at a very early stage, before any hearings or rulings on substantive matters."); *Nw. Sch. of Safety*, 2015 WL 1311522, at *2 ("[T]here is no prejudice to the other parties because the

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 8

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

motion is filed very early in the proceedings and that there has been no delay . . . to file their motion.").

Additionally, the requirement of "independent jurisdiction grounds" is inapplicable: it "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new [state-law] claims." *Freedom from Religion Found.*, 644 F.3d at 844. The Alliance does not seek to assert any new state law claims in this federal-question case. Thus, the Alliance satisfies this element. *See Brumback*, 343 F.R.D. at 345-46.

### 3. Additional factors weigh in favor of permissive intervention.

Several *Spangler* discretionary factors weigh in favor of permitting intervention. Given the Alliance's involvement and investment in advancing firearm industry accountability measures generally and SB 5078 specifically, the Alliance has significant interests in defending the Law. Further, the Alliance was in the singular position to coordinate thousands of advocates in support of the bill and tens of thousands of communications direct to legislators. Hopkins Decl. ¶ 7; *see Brumback*, 343 F.R.D. at 346 (stating, in granting intervention, that "[t]he expertise that the Alliance offers in the particular subject matter of this case is likely to be useful and its presence will ensure that the perspective of those who supported ESSB 5078 is present."). Thus, the Alliance's participation will significantly contribute to the full development and just and equitable adjudication of the underlying factual and legal issues. *See, e.g., Nw. Sch. of Safety*, 2015 WL

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 9

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1311522, at *2; *Doe v. Harris*, No. C12-5713 THE, 2013 WL 140053, at *1 (N.D. Cal. Jan. 10, 2013).[1]

## IV. CONCLUSION

The Alliance respectfully requests that the Court grant its Motion to Intervene.

---

[1] In the interest of moving to intervene at the earliest possible opportunity, the Alliance is not filing contemporaneously with its Motion a proposed answer. Although CR 24(c) provides that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought," it is well-established that this is not a strict requirement, particularly in constitutional cases such as this one where the proposed intervenor's legal position is clear. *See, e.g., Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (concluding that failure to comply with federal equivalent of CR 24(c)'s pleading requirement was not ground for denying motion to intervene); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."). Consistent with this Court's Order, ECF No. 25, the Alliance intends to file a proposed answer within 21 days following a ruling on Plaintiff's Motion for Preliminary Injunction.

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 10

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

DATED this 24th day of May, 2023.

PACIFICA LAW GROUP LLP

*s/ Kai A. Smith*
ZACHARY J. PEKELIS, WSBA #44557
KAI A. SMITH, WSBA #54749
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700
Zach.Pekelis@PacificaLawGroup.com
Kai.Smith@PacificaLawGroup.com

*Attorneys for Proposed Intervenor-Defendant Alliance for Gun Responsibility*

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 11

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

On the 24th day of May, 2023, I caused to be served, via ECF electronic service, a true copy of the foregoing Motion to Intervene upon all counsel registered for e-service.

DATED this 24th day of May, 2023.

_____
Erica Knerr

MOTION TO INTERVENE
Case No. 2:23-cv-00113-MKD - 12

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750