Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700
*Attorneys for Intervenor-Defendant*
*Alliance for Gun Responsibility*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT W. FERGUSON, ATTORNEY GENERAL OF THE STATE OF WASHINGTON,<br><br>Defendant. | No.  2:23-cv-00113-MKD<br><br>[PROPOSED] ORDER GRANTING ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS DEFENDANT<br><br>**NOTED ON MOTION CALENDAR:**<br>May 30, 2023<br>Without Oral Argument |

THIS MATTER came before the Court on Proposed Intervenor-Defendant Alliance for Gun Responsibility's (the "Alliance's") Motion to Intervene ("Motion to Intervene"). The Court has considered the following in deciding whether to grant the Motion:

1. The Alliance's Motion to Intervene;

[PROP] ORDER GRANTING ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS DEFENDANT - 1
Case No. 2:23-cv-00113-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

2. Declaration of Renee Hopkins in Support of Motion to Intervene;

3. The other pleadings and papers on file in this matter; and

4. _____

The Court concludes that permissive intervention is appropriate. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the applicant shares a common question of law or fact with the main action, (2) the applicant's motion is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

First, the Court concludes that the Alliance's proposed defense shares common questions of law and fact.

Second, the timeliness requirement is met.

Third, the final requirement of "independent jurisdictional grounds" is inapplicable where, as here, the proposed intervenor does not raise new state law claims in a federal question case.

The Court therefore concludes that each of the three requirements of Rule 24(b)(3) are met. In such cases, a court has broad discretion in granting intervention. *Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir. 2011). In

[PROP] ORDER GRANTING
ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 2
Case No. 2:23-cv-00113-MKD

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

exercising that discretion, courts in the Ninth Circuit generally examine several additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

The following *Spangler* discretionary factors weigh in favor of intervention: the Alliance's significant interests in defending the Law; the Alliance's legal position in defending the Law and its direct relation to the merits of the case; and the significant contributions the Alliance's participation may have on the full development of factual issues and just and equitable adjudication of legal questions.

For the reasons stated above, the Court concludes that the Alliance should be permitted to intervene permissively under Rule 24(b). The Court hereby ORDERS as follows:

1. The Alliance's Motion to Intervene as a Defendant is GRANTED.
2. The Alliance may intervene in this matter permissively.

[PROP] ORDER GRANTING
ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 3
Case No. 2:23-cv-00113-MKD

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

IT IS SO ORDERED this ___ day of May, 2023.

_____
HONORABLE MARY K. DIMKE
USDC JUDGE

Presented by:

PACIFICA LAW GROUP LLP

By  *s/ Kai A. Smith*
  Zachary J. Pekelis, WSBA # 44557
  Kai A. Smith, WSBA #54749

*Attorneys for Proposed Intervenor-Defendant Alliance for Gun Responsibility*

[PROP] ORDER GRANTING
ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 4
Case No. 2:23-cv-00113-MKD

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750