1   ROBERT W. FERGUSON
      *Attorney General*

2

3   NOAH G. PURCELL, WSBA 43492
      *Solicitor General*

4   EMMA GRUNBERG, WSBA 54659
    TERA M. HEINTZ, WSBA 54921

5     *Deputy Solicitors General*
    ALEXIA DIORIO, WSBA 57280

6   SARAH E. SMITH, WSBA 55770
    JOSEPH D. EHLE, WSBA 52549

7     *Assistant Attorneys General*
    PO Box 40100

8   Olympia, WA  98504-0100
    (360) 753-6200

9

10

11                **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF WASHINGTON**

12  NATIONAL SHOOTING              No. 2:23-cv-00113-MKD
    SPORTS FOUNDATION, INC.,

13                                 DEFENDANT'S 12(b)(1)
                    Plaintiff,     AND 12(b)(6) MOTION TO
                                   DISMISS PLAINTIFF'S
14                                 COMPLAINT

15           v.

16  ROBERT W. FERGUSON,
    Attorney General of the State of
    Washington,                    JULY 27, 2023

17                                 Without Oral Argument
                    Defendant.

18

19

20

21

22

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-cv-00113-MKD

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................ 1

II.   STATEMENT OF FACTS ..................................................... 2

      A.  Washington Enacted SSB 5078 to Address the
          Gun Violence Crisis ................................................... 2

          1.  SSB 5078 requires firearm industry members
              to implement reasonable controls to prevent a
              public nuisance ................................................... 2

          2.  SSB 5078 incentivizes firearm industry members
              to follow existing law and is targeted at holding
              bad actors accountable ........................................ 4

      B.  NSSF's Lawsuit Challenging SSB 5078 ........................ 5

III.  LEGAL STANDARD ........................................................... 5

IV.   ARGUMENT ...................................................................... 6

      A.  NSSF Cannot Establish Article III Standing or Ripeness ............ 6

          1.  NSSF has not alleged any particularized
              injury-in-fact resulting from SSB 5078 ................... 7

          2.  NSSF cannot show standing or ripeness to
              challenge SSB 5078 under the Ninth Circuit's
              three-part test for challenging a law before it
              has been enforced ............................................... 9

              a.  NSSF has articulated no "concrete plan"
                  to violate the statute ..................................... 10

              b.  NSSF has received no "specific threat
                  of enforcement" ........................................... 11

              c.  SSB 5078 has no "history of past prosecution
                  or enforcement" ........................................... 13

          3.  This case is not prudentially ripe ......................... 14

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

B.  NSSF's Preemption Claim Fatally Lacks a
    Cognizable Legal Theory ........................................................... 15

    1.  The Supremacy Clause does not create a
        cause of action ....................................................... 16

    2.  There is no private right of action under PLCAA ............... 17

    3.  Section 1983 and the Declaratory Judgment Act
        both require an underlying cause of action .......................... 18

V.  CONCLUSION ................................................................ 20

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# TABLE OF AUTHORITIES

## Cases

*Alaska Right to Life Political Action Comm. v. Feldman,*
 504 F.3d 840 (9th Cir 2007)...................................................................15

*American-Arab Anti-Discrimination Comm. v. Thornburgh,*
 970 F.2d 501 (9th Cir. 1991)..................................................................15

*Anderson v. Holder,*
 673 F.3d 1089 (9th Cir. 2012)...................................................................3

*Armstrong v. Exceptional Child Care Ctr., Inc.,*
 575 U.S. 320 (2015) ..............................................................16–17, 20

*Baldwin v. Sebelius,*
 654 F.3d 877 (9th Cir. 2011)....................................................................8

*Cal. Rifle & Pistol Ass'n, Inc. v. City of Glendale,*
 No. 2:22-cv-07346-SB-JC,
 2022 WL 18142541 (C.D. Cal. Dec. 5, 2022) ......................................13

*Cal. Trucking Ass'n v. Bonta,*
 996 F.3d 644 (9th Cir. 2021), *cert. denied,*
 142 S. Ct. 2903 (2022) .....................................................................10, 13

*California Pro-Life Council, Inc. v. Getman,*
 328 F.3d 1088 (9th Cir. 2003)................................................................11

*Carrico v. City & County of San Francisco,*
 656 F.3d 1002 (9th Cir. 2011)................................................................11

*Carter v. Inslee,*
 No. C16-0809-JCC,
 2016 WL 8738674 (W.D. Wash. June 30, 2016) ...............................17–18

*Carter v. Inslee,*
 No. C16-0809-JCC,
 2016 WL 8738675 (W.D. Wash. Aug. 25, 2016) ...................................18

*Cetacean Cmty. v. Bush,*
 386 F.3d 1169 (9th Cir. 2004)..................................................................5

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010)................................................................6

*City of Reno v. Netflix, Inc.*,
    52 F.4th 874 (9th Cir. 2022) ..............................................................16

*Colwell v. Dep't of Health & Hum. Servs.*,
    558 F.3d 1112 (9th Cir. 2009)............................................................13

*Fleck & Assocs., Inc. v. Phoenix*,
    471 F.3d 1100 (9th Cir. 2006)..............................................................7

*Golden State Transit Corp. v. City of Los Angeles*,
    493 U.S. 103 (1989)................................................................18, 20

*Gonzaga Univ. v. Doe*,
    536 U.S. 273 (2002)..........................................................16, 18–20

*Humanitarian Law Project v. U.S. Treasury Dep't*,
    578 F.3d 1133 (9th Cir. 2009)..............................................................9

*Kansas v. Garcia*,
    140 S. Ct. 791 (2020) ..........................................................................16

*Libertarian Party of L.A. Cnty. v. Bowen*,
    709 F.3d 867  (9th Cir. 2013)..............................................................10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................7, 8, 12

*Murphy v. Nat'l Collegiate Athletic Ass'n, Inc.*,
    138 S. Ct. 1461 (2018) ........................................................................16

*Polk v. Yee*,
    36 F.4th 939 (9th Cir. 2022) ..............................................................19

*Portman v. County of Santa Clara*,
    995 F.2d 898 (9th Cir. 1993)..............................................................15

*Renne v. Geary*,
    501 U.S. 312 (1991) ..............................................................................5

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

iv

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004)..................................................................5

*San Diego Cnty. Gun Rts. Comm. v. Reno*,
    98 F.3d 1121 (9th Cir. 1996)..........................................................14–15

*Sickle v. Torres Advanced Enter. Sols., LLC*,
    884 F.3d 338 (D.C. Cir. 2018) .................................................................18

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) .................................................................................8

*Stoianoff v. Montana*,
    695 F.2d 1214 (9th Cir. 1983)..................................................................9

*Stormans, Inc. v. Selecky*,
    586 F.3d 1109 (9th Cir. 2009) .................................................................6

*Temple v. Abercrombie*,
    903 F. Supp. 2d 1024 (D. Haw. 2012) ...................................................13

*Thomas v. Anchorage Equal Rights Comm'n*,
    220 F.3d 1134 (9th Cir. 2000) (en banc) ............................................7, 9–12

*Tingley v. Ferguson*,
    47 F.4th 1055 (9th Cir. 2022) ...............................................................13

*Twitter, Inc. v. Paxton*,
    56 F.4th 1170 (9th Cir. 2022) ...............................................................14

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
    718 F.3d 1006 (9th Cir. 2013)..................................................................6

*Unified Data Servs., LLC v. FTC*,
    39 F.4th 1200 (9th Cir. 2022) ........................................................8, 10–11

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003).....................................................................3

*Wash. Mercantile Ass'n v. Williams*,
    733 F.2d 687 (9th Cir. 1984)..................................................................11

DEFENDANT'S MOTION TO DISMISS                    v
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Wash. State Grange v. Wash. State Republican Party*,
    552 U.S. 442, (2008) ...............................................................14

*Wolfson v. Brammer*,
    616 F.3d 1045 (9th Cir. 2010)...............................................14

*Woods v. Steadman's Hardware, Inc.*,
    No. CV 12-33-H-CCL,
    2013 WL 709110 (D. Mont. Feb. 26, 2013) .....................17–18

<u>Constitutional Provisions</u>

U.S. Const. amend. I ................................................................11

Supremacy Clause,
    U.S. Const. art VI, cl. 2.....................................1, 16–17, 20

<u>Statutes</u>

Protection of Lawful Commerce in Arms Act,
    15 U.S.C. ch. 105.............................................1, 16–17, 19–20
    15 U.S.C. § 7903(5)(C)................................................16–19

28 U.S.C. § 1343 ......................................................................18

Declaratory Judgment Act,
    28 U.S.C. § 2202 ............................................................16, 20

42 U.S.C. § 1983...........................................................16, 18–19

Wash. Rev. Code § 7.48 ............................................................2

Wash. Rev. Code § 7.48.210 ...................................................12

Wash. Rev. Code § 19.86.090 .................................................12

<u>Rules</u>

Fed. R. Civ. P. 12(b)(1) ........................................................5, 16

Fed. R. Civ. P. 12(b)(6) ........................................................6, 16

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

vi

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Legislative Materials

Substitute Senate Bill 5078,
   68th Leg., Reg. Sess. (Wash. 2023) .......................................1–4, 6–13, 15–17
     § 1(2).............................................................................................2
     § 1(3).........................................................................................4, 12
     § 1(5).........................................................................................5, 12
     § 2(1)(a)........................................................................................2
     § 2(1)(b)........................................................................................2
     § 2(1)(e)........................................................................................2
     § 2(1)(f)........................................................................................3
       § 2(1)(f)(i)..................................................................................3
       § 2(1)(f)(ii).................................................................................3
       § 2(1)(f)(iii)................................................................................3
     § 2(3)............................................................................................2
     § 2(6)............................................................................................3
     § 2(9)............................................................................................5
     § 2(10)..........................................................................................4
     § 2(12).......................................................................................4, 12
     § 2(13)..........................................................................................5

Hr'g on S.B. 5078 Before the S. Law & Justice Comm.,
   68th Leg., Reg. Sess. (Wash. Jan. 19, 2023), *video recording*
   *by* TVW, Washington State's Public Affairs Network,
   https://tinyurl.com/3hsh4smn...........................................................4

Senate Floor Debate on Substitute
   S.B. 5078, 68th Leg., Reg. Sess. (Wash. Mar. 2, 2023),
   *video recording by* TVW, Washington State's Public Affairs Network,
   https://tinyurl.com/5fkfybxy ...........................................................4

Substitute H.B. Report on Substitute S.B. 5078,
   68th Leg., Reg. Sess. (Wash. 2023),
   https://bit.ly/HBRep_SSB5078.........................................................3

1

## I.   INTRODUCTION

2   To prevent firearms from getting into the wrong hands and to hold bad

3   actors in the firearms industry responsible for dangerous business practices, the

4   Washington Legislature passed Substitute Senate Bill 5078, 68th Leg., Reg. Sess.

5   (Wash. 2023). Among other things, SSB 5078 provides for civil liability for

6   harms resulting from an industry member's failure to use reasonable controls to

7   stop the diversion of firearms, ammunition, and firearm parts into the illegal

8   market. SSB 5078 was enacted to "ensure a level playing field for responsible

9   firearm industry members[.]"

10   Plaintiff National Shooting Sports Foundation (NSSF), a trade and

11   lobbying organization, challenges the constitutionality of this common-sense

12   law, but its claims suffer from two fatal flaws.

13   First, NSSF's complaint is not justiciable because NSSF cannot show

14   standing or ripeness. NSSF does not assert that it has suffered or will suffer any

15   injury as a result of SSB 5078. Nor has NSSF met the basic requirements in the

16   Ninth Circuit for challenging a law before it is enforced; it does not allege any

17   plan to violate the statute or any specific threat of enforcement.

18   Second, even if NSSF could show Article III standing, the Court should

19   dismiss NSSF's preemption claim for failure to state a claim because neither the

20   Supremacy Clause nor the Protection of Lawful Commerce in Arms Act

21   (PLCAA) provide a cause of action on which that claim may proceed.

22

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II.    STATEMENT OF FACTS

**A.    Washington Enacted SSB 5078 to Address the Gun Violence Crisis**

To respond to the ongoing crisis of gun violence in Washington, the Washington Legislature enacted SSB 5078, which takes effect on July 23, 2023. SSB 5078 amends Washington's public nuisance law, Wash. Rev. Code § 7.48, to create specific requirements for "firearm industry member[s]," defined as those engaged in the "sale, manufacturing, distribution, importing, or marketing" of "firearm industry product[s]." SSB 5078 § 2(1)(a). "Firearm industry product[s]" are defined as firearms, ammunition, firearm parts, machines for making firearms or ammunition, and devices used to modify firearms. *Id.* § 2(1)(b), (e).

**1.    SSB 5078 requires firearm industry members to implement reasonable controls to prevent a public nuisance**

Washington has a long tradition of using public nuisance law to regulate business activity that poses a risk to public health and safety, including relating to firearms. *See* SSB 5078 § 1(2). Building on that tradition, SSB 5078 provides that firearms industry members "shall not knowingly create, maintain, or contribute to a public nuisance . . . through the sale, manufacturing, distribution, importing, or marketing of a firearm industry product." *Id.* § 2(3). It requires firearm industry members to implement reasonable controls to ensure compliance with existing law and prevent the sale, distribution, or diversion of their products to the illegal market or to persons at substantial risk of harming themselves or

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    others. *Id.* § 2(1)(f)(i)–(iii). The statute also prohibits a firearm industry member

2    from manufacturing, distributing, importing, marketing, or offering for sale a

3    firearm industry product in a manner that foreseeably promotes conversion of

4    legal products into illegal products, or is targeted at minors or individuals legally

5    prohibited from purchasing or possessing firearms. *Id.* § 2(6).

6          Although SSB 5078 defines the term "reasonable controls," it does not

7    dictate which controls a firearm industry member must use. *Id.* § 2(1)(f). Rather,

8    the law gives members latitude in determining what controls would comply with

9    the law, including but not limited to "background checks, enforcing laws on

10   prohibited purchasers and firearms, requirements to track inventory, [or] taking

11   basic steps to prevent sales to straw purchasers and those at risk of harming

12   themself or others." Substitute H.B. Report on Substitute S.B. 5078, at 6, 68th

13   Leg., Reg. Sess. (Wash. 2023), https://bit.ly/HBRep_SSB5078 (Staff Summary

14   of Public Testimony).[1] Senator Pedersen, a sponsor of the bill, explained

15   that "reasonable controls" does not impose new burdens but helps ensure the

16   enforcement of existing regulations. Senate Floor Debate on Substitute

17   _____

18          [1] NSSF's Complaint repeatedly references legislative hearings on SSB

19   5078, *e.g.*, ECF No. 1 ¶¶ 66, 67, 86, and so statements made at and recordings of

20   these hearings are incorporated herein by reference. *United States v. Ritchie*, 342

21   F.3d 903, 908 (9th Cir. 2003). Alternatively, the Court may take judicial notice

22   of the hearings. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    S.B. 5078, 68th Leg., Reg. Sess. (Wash. Mar. 2, 2023), at 1:34:10, *video*

2    *recording* *by* TVW, Washington State's Public Affairs Network,

3    https://tinyurl.com/5fkfybxy.

4    The attorney general may enforce SSB 5078 "[w]henever it

5    appears . . . that a firearm industry member has engaged in or is engaging in

6    conduct in violation" of the law, and may recover damages, attorneys' fees, and

7    costs. *Id.* § 2(10). A private party may also bring a public nuisance claim for

8    damages or abatement, or a Consumer Protection Act claim for damages or

9    equitable relief. *Id.* § 2(12).

10       **2.    SSB 5078 incentivizes firearm industry members to follow
              existing law and is targeted at holding bad actors accountable**

11

12    SSB 5078 was intended to hold bad actors within the firearm industry

13    accountable. SSB 5078 § 1(3) (noting that some industry members have

14    "implemented irresponsible and dangerous [business] practices, . . . lead[ing] to

15    grave public harms and also provid[ing] an unfair business advantage"); Hr'g on

16    S.B. 5078 Before the S. Law & Justice Comm., 68th Leg., Reg. Sess. (Wash.

17    Jan. 19, 2023), at 1:25:35, *video recording by* TVW, Washington State's Public

18    Affairs Network, https://tinyurl.com/3hsh4smn (testimony of Sen. Pedersen).

19    SSB 5078 "ensure[s] a level playing field for responsible firearm industry

20    members," "incentivize[s] firearm industry members to establish and implement

21    safe and responsible business practices," and "ensure[s] that [those] who are

22    harmed by a firearm industry member's violation of law may bring legal action

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    to seek appropriate justice and fair remedies for those harms in court." SSB 5078

2    § 1(5). Liability requires that the firearm industry member knowingly acted in

3    violation of SSB 5078. *Id.* § 2(13). An industry member's violation proximately

4    causes a public nuisance "if the harm is a reasonably foreseeable effect of the

5    conduct, notwithstanding any intervening actions, including but not limited to

6    criminal actions by third parties." *Id.* § 2(9).

7    **B.    NSSF's Lawsuit Challenging SSB 5078**

8    NSSF filed this facial challenge two days after SSB 5078 was signed into

9    law and three months before the law goes into effect on July 23, 2023. ECF No. 1.

10   NSSF is a trade association and lobbying group for the firearm, ammunition, and

11   hunting and shooting sports industry. *Id.* ¶ 8. It challenges the law on preemption

12   grounds as well as raising due process, commerce clause, and First and Second

13   Amendment claims. *Id.* ¶¶ 41–107. NSSF moved for a preliminary injunction that

14   is set for oral argument on July 27, 2023. ECF Nos. 17, 22.

15   ### III.    LEGAL STANDARD

16   Under Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed if its

17   allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air*

18   *for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Without standing, a

19   court lacks Article III jurisdiction and the case must be dismissed. *Cetacean*

20   *Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). The presumption is "that

21   federal courts lack jurisdiction 'unless the contrary appears affirmatively from

22   the record.'" *Renne v. Geary*, 501 U.S. 312, 316 (1991) (quoting *Bender v.*

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    *Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). The plaintiff bears the

2    burden to establish Article III standing and ripeness and to show that prudential

3    ripeness concerns support review. *Chandler v. State Farm Mut. Auto. Ins. Co.*,

4    598 F.3d 1115, 1122 (9th Cir. 2010); *Stormans, Inc. v. Selecky*, 586 F.3d 1109,

5    1126 (9th Cir. 2009). In addition, a claim must be dismissed under Fed. R. Civ.

6    P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted,

7    meaning there is a "'lack of a cognizable legal theory or the absence of sufficient

8    facts alleged.'" *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d

9    1006, 1014 (9th Cir. 2013) (quoting *Balisteri v. Pacifica Police Dep't*, 901 F.2d

10    696, 699 (9th Cir. 1988)).

## IV.    ARGUMENT

12    NSSF has failed to carry its burden to establish standing and ripeness under

13    Article III. As the Complaint makes clear, NSSF alleges no injury-in-fact and no

14    risk of enforcement. The Court should therefore dismiss this case for lack of

15    jurisdiction. In the alternative, the Court should dismiss NSSF's preemption

16    claim because it lacks a cognizable legal theory.

### A.    NSSF Cannot Establish Article III Standing or Ripeness

18    NSSF's complaint fails to show justiciability on multiple grounds. First,

19    NSSF fails to allege a concrete, particularized injury to itself or any of its

20    members. Second, NSSF seeks to enjoin SSB 5078 before it is enforced, and the

21    Ninth Circuit has a specific test for standing and ripeness in such cases, a test that

22    NSSF completely ignores and cannot satisfy. Finally, this case is not prudentially

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

ripe because there are no concrete facts to assess NSSF's claims, and NSSF has shown no harm from delaying resolution until concrete facts develop.

### 1. NSSF has not alleged any particularized injury-in-fact resulting from SSB 5078

To show standing, a plaintiff must show: (1) a concrete and particular injury that is either actual or imminent; (2) that the injury is fairly traceable to the alleged actions of the defendant; and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Article III ripeness inquiry "is often treated under the rubric of standing," and "in many cases . . . ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). To meet that prong, a plaintiff must demonstrate that it has "suffered an injury in fact" that is both "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (cleaned up). Although NSSF has not asserted associational standing, that would require "at least one of its members" to have standing to sue in its own right. *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1105 (9th Cir. 2006).

NSSF has not met its burden of showing standing and ripeness because the Complaint alleges no specific injury-in-fact arising from SSB 5078. The sum total of the Complaint's assertions of injury is one conclusory statement that NSSF's members' interests "are impaired by the threat of sweeping liability under [SSB] 5078" (ECF No. 1 at 4)—about as far from "concrete and

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    particularized" as it is possible to get. *See Lujan*, 504 U.S. at 560.

2    This does not satisfy the "irreducible constitutional minimum" of

3    Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting

4    *Lujan*, 504 U.S. at 560). The Complaint fails to state how NSSF or its members

5    will be harmed by SSB 5078. To the extent the law creates new potential liability

6    and might cause all firearms industry members to do due diligence to ensure

7    compliance, this "is not a particularized injury that distinguishes" any specific

8    entity "from everyone else to whom the [law] may apply." *Baldwin v. Sebelius*,

9    654 F.3d 877, 879 (9th Cir. 2011).

10    NSSF's Complaint is akin to the one dismissed for lack of standing in

11    *Unified Data Services, LLC v. FTC*, 39 F.4th 1200 (9th Cir. 2022), where

12    plaintiffs challenged regulations on robocall telemarketing technology. But their

13    complaint failed to state even how they currently used the technology and how

14    they planned to use it in the future. *Id.* at 1205, 1210–11. Rather, it said only that

15    plaintiffs were members of the telemarketing industry and had been "whipsawed"

16    by changing regulations and enforcement. *Id.* These vague allegations were "not

17    sufficiently concrete to meet even the minimum injury in fact threshold." *Id.*

18    at 1211 (quoting *Lopez v. Candaele*, 630 F.3d 775, 790 (9th Cir. 2010)).

19    So too here. The Complaint alleges nothing that supports a finding of

20    injury-in-fact. NSSF does not allege that it or any of its members use business

21    practices that would run afoul of SSB 5078, or that it would fail to satisfy

22    SSB 5078's "reasonable controls" requirement. NSSF has thus failed its burden

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    of showing actual, concrete injury.

2        **2.   NSSF cannot show standing or ripeness to challenge SSB 5078 under the Ninth Circuit's three-part test for challenging a law before it has been enforced**

3

4        To challenge a law before it has been enforced in the Ninth Circuit, a

5    plaintiff "must demonstrate a genuine threat that the allegedly unconstitutional

6    law is about to be enforced against him." *Stoianoff v. Montana*, 695 F.2d 1214,

7    1223 (9th Cir. 1983). The Ninth Circuit has explained that "[w]hether the

8    question is viewed as one of standing or ripeness," in pre-enforcement challenges

9    a plaintiff must show a "'genuine threat of imminent prosecution.'" *Thomas*, 220

10   at 1139 (quoting *San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1126

11   (9th Cir. 1996)). For the last 20 years, the Ninth Circuit has applied a three-part

12   test to that inquiry, asking whether (1) "plaintiffs have articulated a 'concrete

13   plan' to violate the law in question," (2) "the prosecuting authorities have

14   communicated a specific warning or threat to initiate proceedings[]" against the

15   plaintiff; and (3) there is a "history of past prosecution or enforcement" of the

16   challenged law. *Id*. The Ninth Circuit has made clear that "[a]ny pre-enforcement

17   analysis starts with our en banc decision in *Thomas*." *Humanitarian Law Project*

18   *v. U.S. Treasury Dep't*, 578 F.3d 1133, 1142 (9th Cir. 2009). The analysis in this

19   case should end there, too, because NSSF has failed to show a "genuine threat of

20   imminent prosecution" under the *Thomas* factors. 220 F.3d at 1139.

21

22

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**a.    NSSF has articulated no "concrete plan" to violate the statute**

NSSF's Complaint does not allege that NSSF or any of its members intends to violate SSB 5078, much less that they have a concrete plan to do so. Because NSSF fails to specify "when, to whom, where, or under what circumstances" it intends to violate SSB 5078, it cannot establish pre-enforcement standing. *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 870–71 (9th Cir. 2013) (quoting *Thomas*, 220 F.3d at 1139). *Unified Data Services*, 39 F.4th 1200, is again instructive. There, the complaint "utterly lack[ed], let alone state[d] 'with some degree of concrete detail,' an allegation that [the] [p]laintiffs 'intend to violate'" the challenged regulations. *Id.* at 1210 (quoting *Lopez*, 630 F.3d at 786). These vague allegations failed the first *Thomas* prong. *Id.* at 1211.

So too here. The Complaint gives no indication that NSSF or its members intend to engage in any action that would violate SSB 5078. *See id.* at 1210 (no pre-enforcement standing because complaint lacked concrete details that challengers would engage in prohibited conduct). NSSF does not allege that it or any of its members use business practices that would run afoul of SSB 5078 or fail to satisfy the "reasonable controls" requirement. *Cf. Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2903 (2022) (concrete plan asserted where plaintiffs alleged continuation of business practices violating challenged law). NSSF has thus utterly failed to articulate a concrete plan to violate the statute.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    NSSF's inclusion of a First Amendment claim does not alter this

2    conclusion. *Thomas* undisputedly applies to First Amendment claims. 220 F.3d

3    at 1137; *see also Unified Data Servs.*, 39 F.4th at 1205 (applying *Thomas* to free

4    speech claim). And because SSB 5078 is a commercial speech restriction, NSSF

5    has standing only to assert constitutional interests relevant to its own activities;

6    the overbreadth doctrine does not apply. *Wash. Mercantile Ass'n v. Williams*, 733

7    F.2d 687, 689 (9th Cir. 1984).[2]

8    Nor has NSSF alleged that it or its members have self-censored in response

9    to SSB 5078. But even if it did, a plaintiff cannot show pre-enforcement standing

10   by "nakedly asserting that his or her speech was chilled by the statute." *California*

11   *Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003). Rather,

12   it must demonstrate an intent to engage in protected speech proscribed by the

13   statute and a "credible threat of prosecution[.]" *Carrico v. City & County of San*

14   *Francisco*, 656 F.3d 1002, 1005–06 (9th Cir. 2011). Where, as here, a Complaint

15   lacks "any description of intended speech or conduct," there is no standing and,

16   indeed, no First Amendment analysis is possible. *Id.* at 1007.

17       **b.    NSSF has received no "specific threat of enforcement"**

18       Second, NSSF has not alleged that any official has made a "specific threat"

19   ———————————

20       [2] Regardless, a plaintiff asserting facial overbreadth must still establish

21   injury-in-fact, which NSSF has not done. *4085 Convoy, Inc. v. City of San Diego*,

22   183 F.3d 1108, 1112 (9th Cir. 1999).

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD                    11                    ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   of initiating proceedings under SSB 5078 against it or any of its members. To the

2   contrary, NSSF stresses "its members' commitment to the safe and responsible

3   sale and use of their products" (ECF No. 1 at 4). And SSB 5078's stated intent is

4   to "ensure a level playing field for responsible firearm industry members" by

5   tackling practices that "provide [ ] unfair business advantage[s] to *irresponsible*

6   firearm industry members over more responsible competitors who take

7   reasonable precautions to protect others' lives and well-being." SSB 5078

8   §§ 1(3), (5) (emphasis added). The mere existence of penalties under the statute

9   does not suffice where there is no threat of enforcement against the plaintiff.

10  *Thomas*, 220 F.3d at 1139–40 (specific threat means more than that a

11  "proscriptive statute" is "on the books"). This is especially the case where the

12  plaintiff has not alleged with any particularity what actions it intends to take that

13  will violate the challenged law to begin with.

14          SSB 5078 also creates a private cause of action, allowing a person to bring

15  a civil action for public nuisance "if it is specially injurious to himself or

16  herself[,]" or for a violation of the Consumer Protection Act if the person "is

17  injured in his or her business or property by [the] violation." SSB 5078 § 2(12);

18  Wash. Rev. Code § 7.48.210, Wash. Rev. Code § 19.86.090. This does not alter

19  the pre-enforcement standing analysis for two reasons. First, any injury caused

20  by a private party's lawsuit would not be fairly traceable to Attorney General

21  Ferguson, the sole Defendant here, a basic requirement of standing. *See Lujan*,

22  504 U.S. at 560 (plaintiff must show that the injury is fairly traceable to the

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    alleged actions of the defendant); *Colwell v. Dep't of Health & Hum. Servs.*, 558

2    F.3d 1112, 1122 (9th Cir. 2009) (injury not traceable where it is "the result of the

3    'independent action of some third party not before the court[]'" (quoting *Lujan*,

4    504 U.S. at 560–61)). Second, for the same reasons it cannot show injury-in-fact

5    from state enforcement, NSSF cannot "preemptively challenge the right of a

6    private actor to bring a private cause of action before that cause of action has

7    arisen," *Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1035 (D. Haw. 2012)

8    (cleaned up), where it has not alleged any concrete, particularized injury, or intent

9    to violate the law in a way that might lead to liability to begin with.

10           c.    **SSB 5078 has no "history of past prosecution or enforcement"**

11

12           Third, NSSF has filed suit before SSB 5078 has even gone into effect, and

13    thus there is no history of enforcement. In cases like this, where "the record

14    contains little information as to enforcement or interpretation[,]" *Cal. Trucking

15    Ass'n*, 996 F.3d at 653 (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1060 (9th

16    Cir. 2010), courts have found standing only where plaintiffs alleged a concrete

17    plan to violate the law or had already engaged in violative actions. *See id.* at 654;

18    *Tingley v. Ferguson*, 47 F.4th 1055, 1067–69 (9th Cir. 2022); *Cal. Rifle & Pistol

19    Ass'n, Inc. v. City of Glendale*, No. 2:22-cv-07346-SB-JC, 2022 WL 18142541,

20    at *3 (C.D. Cal. Dec. 5, 2022). In other words, a plaintiff must plausibly allege

21    that a newly-enacted law would cause injury-in-fact based on past acts or a

22    concrete plan for future action. NSSF has not done so here.

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

### 3.    This case is not prudentially ripe

Even if the Complaint met Article III's requirements, the Court should decline to exercise jurisdiction because this case is not prudentially ripe. The ripeness doctrine "'prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir. 2022) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993)). To determine whether a case is prudentially ripe, courts consider (1) whether the issues are fit for judicial resolution and (2) the potential hardship to the parties if judicial resolution is postponed. *Wolfson*, 616 F.3d at 1060 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)); *id.* at 1064 (finding certain claims were not prudentially ripe because they rested upon contingent future events that might not occur as anticipated, if at all). Here, neither prong is met.

First, the issues are not fit for judicial resolution at this stage because a decision on the merits of NSSF's constitutional claims "would be devoid of any factual context whatsoever," forcing the court to "be umpire to debates concerning harmless, empty shadows." *San Diego Cnty. Gun Rts. Comm.*, 98 F.3d at 1132 (quoting *Poe v. Ullman*, 367 U.S. 497, 508 (1961)). Courts generally disfavor facial challenges because they require constitutional determinations based on hypotheticals. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449–50 (2008) (facial challenges run contrary to "fundamental principle of judicial restraint"). Courts "should not be forced to decide . . .

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

14

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    constitutional questions in a vacuum[,]" and "[a] concrete factual situation" will

2    "delineate the boundaries of what conduct the government may or may not

3    regulate without running afoul of" the law. *San Diego Cnty. Gun Rts. Comm.*, 98

4    F.3d at 1132 (cleaned up); *Portman*, 995 F.2d at 903 (public defender's failure to

5    point to any clients harmed by challenged statute made it impossible and

6    premature to determine whether statute infringed on rights of any clients at all);

7    *American-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 510

8    (9th Cir. 1991) (declining to exercise jurisdiction on "sketchy record . . . with

9    many unknown facts").

10        Second, neither party will be harmed if judicial resolution is postponed.

11    NSSF has not shown a credible threat of enforcement to justify pre-enforcement

12    judicial review, and so delaying resolution of its claims will not cause hardship.

13    *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 851 (9th

14    Cir 2007). Nor will delaying adjudication prejudice NSSF's ability to later

15    vindicate it or its members' rights with a better factual record, if that becomes

16    necessary. *See San Diego Cnty. Gun Rts. Comm'n*, 98 F.3d at 1133. In any future

17    lawsuit against NSSF or one of its members under SSB 5078, the defendant could

18    invoke as defenses any of NSSF's claims here that are relevant to the case, and

19    such a case would have the benefit of actual facts about how SSB 5078 is being

20    enforced. Under prudential considerations, too, NSSF's lawsuit is therefore unripe.

21    **B.    NSSF's Preemption Claim Fatally Lacks a Cognizable Legal Theory**

22        For the reasons discussed above, the Court should dismiss this case as non-

DEFENDANT'S MOTION TO DISMISS                15
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

1  justiciable under Fed. R. Civ. P. 12(b)(1). But even if the Court declines to do so,

2  it should dismiss NSSF's preemption claim under Fed. R. Civ. P. 12(b)(6) for

3  failure to state a claim because NSSF has no cause of action to file an affirmative

4  claim asserting that PLCAA preempts SSB 5078. Although NSSF alleges that

5  SSB 5078 is inconsistent with PLCAA and the Supremacy Clause, neither

6  provide an independent cause of action. The "Supremacy Clause is not the

7  'source of any federal rights,' and certainly does not create a cause of action."

8  *Armstrong v. Exceptional Child Care Ctr., Inc.*, 575 U.S. 320, 324–25 (2015)

9  (citation omitted). PLCAA also explicitly states it does not create a cause of

10  action and cannot be construed to provide one. 15 U.S.C. § 7903(5)(C). Further,

11  neither 42 U.S.C. § 1983 nor the Declaratory Judgment Act can create a cause of

12  action where one does not exist otherwise. *Gonzaga Univ. v. Doe*, 536 U.S. 273,

13  279 (2002); *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022).

14  Without this crucial component, NSSF's preemption claim must be dismissed.

15      **1.    The Supremacy Clause does not create a cause of action**

16      Federal preemption of conflicting state law is based on the Supremacy

17  Clause. *Murphy v. Nat'l Collegiate Athletic Ass'n, Inc.*, 138 S. Ct. 1461, 1479

18  (2018). The Supreme Court has unequivocally held that the Supremacy Clause

19  "certainly does not create a cause of action." *Armstrong*, 575 U.S. 320. Instead,

20  it is a rule of priority, or "a rule of decision" to determine what source of law

21  applies. *Kansas v. Garcia*, 140 S. Ct. 791, 801 (2020) (quoting *Armstrong*, 575

22  U.S. at 324). NSSF's affirmative preemption claim cannot be brought pursuant

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

16

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    to the Supremacy Clause—it must be connected to some other right that creates

2    a cause of action. Thus, while preemption could be raised as a defense to a lawsuit

3    under SSB 5078, it cannot form the basis for an affirmative claim absent some

4    other cause of action.

5    **2.    There is no private right of action under PLCAA**

6    PLCAA does not provide a cause of action either. In *Armstrong*, 575 U.S.

7    at 326–27, the Supreme Court left open the possibility that a federal court may

8    hear a preemption claim based in equity, even though the Supremacy Clause does

9    not provide that right. But "[t]he power of federal courts of equity to enjoin

10   unlawful executive action is subject to express and implied statutory limitations."

11   *Id.* at 327. In other words, Congress may foreclose a court's ability to entertain

12   an affirmative preemption claim. *See, e.g.*, *Carter v. Inslee*, No. C16-0809-JCC, 2016

13   WL 8738674, at *3 (W.D. Wash. June 30, 2016) (dismissing affirmative preemption

14   claim because Controlled Substances Act did not create private right of action).

15   That is precisely what Congress has done here. By its plain language,

16   PLCAA bars a private right of action to enforce the Act. 15 U.S.C. § 7903(5)(C);

17   *Woods v. Steadman's Hardware, Inc.*, No. CV 12-33-H-CCL, 2013 WL 709110,

18   at *3 (D. Mont. Feb. 26, 2013) ("the PLCAA does not provide subject matter

19   jurisdiction for any cause of action whatsoever[]"). PLCAA unambiguously

20   states that no provision of the Act "shall be construed to create a public or

21   private cause of action or remedy." 15 U.S.C. § 7903(5)(C). Thus, preemption

22   under PLCAA may *only* be raised as a defense. *Woods*, 2013 WL 709110,

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

17

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    at *3 (PLCAA "only serves as a shield against . . . claims brought against

2    manufacturers and sellers[ ]"); *see also Sickle v. Torres Advanced Enter. Sols.,*

3    *LLC*, 884 F.3d 338, 345 (D.C. Cir. 2018) (preemption is an affirmative defense).

4    Section 7903(5)(C) "explicitly prevents its own use as a jurisdictional hook[,]"

5    and so cannot be the basis for a claim in federal court. *Woods*, 2013

6    WL 709110, at *3; *see also Carter v. Inslee*, No. C16-0809-JCC, 2016

7    WL 8738675, at *6 (W.D. Wash. Aug. 25, 2016) (dismissing claims under the

8    Controlled Substances Act because the plaintiffs failed to assert a right afforded

9    by the CSA and protected in equity.)

### 3.    Section 1983 and the Declaratory Judgment Act both require an underlying cause of action

NSSF states that its causes of action arise under 42 U.S.C. § 1983, *see* ECF

No. 1 ¶ 38, but that statute cannot supply a cause of action that does not otherwise

exist. Section 1983, by its text, allows a plaintiff to sue individuals acting "under

color of state law" for civil rights violations. Thus, a claim brought under 42

U.S.C. § 1983 must be directly tied to the deprivation of already established

"rights, privileges, or immunities." *Golden State Transit Corp. v. City of Los

Angeles*, 493 U.S. 103, 106 (1989) (cleaned up); *Gonzaga Univ.*, 536 U.S. at 279.[3]

---

20    [3] Plaintiff's reference to 28 U.S.C. § 1343 likewise fails because that statute

21    confers jurisdiction only when a plaintiff brings a civil rights claim. *Carter*, 2016

22    WL 8738674, at *3 (citing cases).

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

18

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    A federal court cannot "permit anything short of an unambiguously conferred

2    right to support a cause of action brought under § 1983." *Gonzaga Univ.*, 536

3    U.S. at 283. This requires "*rights*, not the broader or vaguer 'benefits' or

4    'interests,' that may be enforced under the authority of that section." *Id.*

5        Courts apply a three-part test to determine whether a federal statute confers

6    a right enforceable under § 1983: "(1) Congress must have intended that the

7    provision in question benefit the plaintiff, (2) the plaintiff must demonstrate that

8    the right assertedly protected by the statute is not so 'vague and amorphous' that

9    its enforcement would strain judicial competence, and (3) the statute must

10   unambiguously impose a binding obligation on the States." *Polk v. Yee*, 36 F.4th

11   939 (9th Cir. 2022) (quoting *Anderson v. Ghaly*, 930 F.3d 1066, 1073 (9th

12   Cir. 2019)). A court must determine whether Congress intended to create a

13   federal right, and that is "'definitively answered in the negative'" where a

14   "'statute by its terms grants no private rights to any identifiable class.'" *Gonzaga*

15   *Univ.*, 536 U.S. at 283–84 (quoting *Touche Ross & Co. v. Redington*, 442 U.S.

16   560, 576 (1979)). "One cannot go into court and claim a violation of § 1983—for

17   § 1983 by itself does not protect anyone against anything." *Id.* at 285 (cleaned up).

18       NSSF's preemption claim fails at step one. Congress did not intend for

19   PLCAA to be affirmatively enforced through § 1983 actions. 15 U.S.C.

20   § 7903(5)(C). Rather, PLCAA operates as a *defense* to liability, while exempting

21   from its scope certain types of lawsuits. "[W]here the text and structure of a

22   statute provide no indication that Congress intends to create new individual

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

19

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    rights, there is no basis for a private suit, whether under § 1983 or under an

2    implied right of action." *Gonzaga Univ.*, 536 U.S. at 286 (2002); *Golden State*

3    *Transit Corp.*, 493 U.S. at 108 (no "federal right of action pursuant to § 1983

4    exists every time a federal rule of law pre-empts state regulatory authority.").

5         And although NSSF requests declaratory relief pursuant to the Declaratory

6    Judgment Act, 28 U.S.C. § 2202 (ECF No. 1 at 37), declaratory judgment is a

7    remedy, not an independent cause of action. *City of Reno*, 52 F.4th at 878

8    (Declaratory Judgment Act "does not provide a cause of action when a party . . .

9    lacks a cause of action under a separate statute and seeks to use the Act to obtain

10   affirmative relief."). NSSF may pursue declaratory judgment only if it rests on a

11   claim that otherwise survives a motion to dismiss, which this claim does not.

12        Supreme Court precedent establishes that "a private right of action under

13   federal law is not created by mere implication, but must be 'unambiguously

14   conferred[.]'" *Armstrong*, 575 U.S. at 332 (quoting *Gonzaga Univ.*, 536 U.S.

15   at 283). NSSF cannot rely on either the Supremacy Clause or PLCAA as a basis

16   to bring a preemption claim. NSSF has thus failed to state a claim upon which

17   relief can be granted, and its preemption claim must be dismissed.

18                        **V.    CONCLUSION**

19        For the reasons stated above, the Court should dismiss the Complaint for

20   lack of subject matter jurisdiction. In the alternative, the Court should dismiss

21   NSSF's preemption claim for failure to state a claim.

22

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

20

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1       DATED this 1st day of June, 2023.

2                           ROBERT W. FERGUSON
                                *Attorney General*
3
                            NOAH G. PURCELL, WSBA 43492
4                               *Solicitor General*

5                            *s/ Emma Grunberg*
                            EMMA GRUNBERG, WSBA 54659
6                           TERA M. HEINTZ, WSBA 54921
                                *Deputy Solicitors General*
7                           ALEXIA DIORIO, WSBA 57280
                            SARAH E. SMITH, WSBA 55770
8                           JOSEPH D. EHLE, WSBA 52549
                                *Assistant Attorneys General*
9                           1125 Washington Street SE
                            PO Box 40100
10                          Olympia, WA  98504-0100
                            (360) 753-6200
11                          Noah.Purcell@atg.wa.gov
                            Emma.Grunberg@atg.wa.gov
12                          Tera.Heintz@atg.wa.gov
                            Alexia.Diorio@atg.wa.gov
13                          Sarah.E.Smith@atg.wa.gov
                            Joseph.Ehle@atg.wa.gov
14
                            *Attorneys for Defendant Robert W. Ferguson*
15

16

17

18

19

20

21

22

DEFENDANT'S MOTION TO DISMISS                    21                    ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S COMPLAINT                                                        1125 Washington Street SE
NO. 2:23-CV-00113-MKD                                                             PO Box 40100
                                                                            Olympia, WA 98504-0100
                                                                               (360) 753-6200

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this day I caused the foregoing document to be

3    electronically filed with the Clerk of the Court using the Court's CM/ECF System

4    which will serve a copy of this document upon all counsel of record.

5

6        I declare under penalty of perjury under the laws of the State of

7    Washington and the United States of America that the foregoing is true and

8    correct.

9        DATED this 1st day of June, 2023, at Olympia, Washington.

10

11

        *s/ Leena Vanderwood*
        LEENA VANDERWOOD

12

        *Legal Assistant*
        1125 Washington Street SE
        PO Box 40100

13

        Olympia, WA  98504-0100
        (360) 570-3411

14

        Leena.Vanderwood@atg.wa.gov

15

16

17

18

19

20

21

22

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

22