ROBERT W. FERGUSON
  *Attorney General*

NOAH G. PURCELL, WSBA 43492
  *Solicitor General*

EMMA GRUNBERG, WSBA 54659
TERA M. HEINTZ, WSBA 54921
  *Deputy Solicitors General*
ALEXIA DIORIO, WSBA 57280
SARAH E. SMITH, WSBA 55770
JOSEPH D. EHLE, WSBA 52549
  *Assistant Attorneys General*
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>ROBERT W. FERGUSON, Attorney General of the State of Washington,<br><br>         Defendant. | NO. 2:23-cv-00113-MKD<br><br>DEFENDANT ROBERT W. FERGUSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>July 27, 2023 at 10:00 a.m. With Oral Argument |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-cv-00113-MKD

1

# TABLE OF CONTENTS

2    I.    INTRODUCTION ..................................................................................1

3    II.   BACKGROUND ...................................................................................2

4    III.  ARGUMENT .........................................................................................4

5         A. Legal Standard ...............................................................................4

6         B. NSSF Has Not Shown a Likelihood of Success
            on the Merits ...................................................................................5

7
           1.  SSB 5078 is not preempted by PLCAA .........................................5
8
               a.  PLCAA expressly preserves Washington's
9                  authority to pass laws applicable to the
                   gun industry ..............................................................5
10
               b.  PLCAA's purpose and history support
11                 preserving state legislative authority to
                   regulate the gun industry .......................................11
12
           2.  SSB 5078 comports with the dormant Commerce Clause ..........14
13
           3.  SSB 5078 does not violate the First Amendment.......................16
14
           4.  SSB 5078 does not violate the Second Amendment ...................22
15
           5.  SSB 5078 comports with due process .........................................24
16
         C. NSSF Fails to Show Any Likelihood of Irreparable Harm ...............28
17
         D. The Equities and Public Interest Weigh Strongly
18          in the State's Favor.................................................................30

19   IV.   CONCLUSION ...................................................................................30

20

21

22

1

## TABLE OF AUTHORITIES

2

<u>Cases</u>

3
*44 Liquormart, Inc. v. Rhode Island*,
4
    517 U.S. 484 (1996) ...................................................................17

*Albernaz v. United States*,
5
    450 U.S. 333 (1981) .....................................................................7

6
*Am. Acad. of Pain Mgmt. v. Joseph*,
    353 F.3d 1099 (9th Cir. 2004)........................................................17

7
*Ashcroft v. Free Speech Coal.*,
8
    535 U.S. 234 (2002) ....................................................................27

9
*Baldwin v. G.A.F. Seelig, Inc.*,
    294 U.S. 511 (1935).....................................................................15

10
*Baldwin v. Sebelius*,
11
    654 F.3d 877 (9th Cir. 2011).........................................................29

12
*Bank of Am. Corp. v. City of Miami*,
    581 U.S. 189 (2017) ....................................................................10

13
*Barrera-Lima v. Sessions*,
14
    901 F.3d 1108 (9th Cir. 2018).........................................................9

15
*Bd. of Trs. of State Univ. of N.Y. v. Fox*,
    492 U.S. 469 (1989) ...............................................................17, 21

16
*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*,
17
    476 U.S. 573 (1986) ....................................................................15

18
*Cal. Pharmacists Ass'n v. Maxwell-Jolly*,
    563 F.3d 847 (9th Cir. 2009)........................................................29

19
*Cal. Teachers Ass'n v. State Bd. of Educ.*,
20
    271 F.3d 1141 (9th Cir. 2001).......................................................27

21
*Camden Cnty. Bd. of Chosen Freeholders v. Beretta, U.S.A. Corp.*,
    273 F.3d 536 (3d Cir. 2001) .........................................................24

22

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*,
  447 U.S. 557 (1980) ................................................................16–17, 19

*City of New York v. Beretta U.S.A. Corp.*,
  524 F.3d 384 (2d Cir. 2008)................................................................7, 29

*City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*,
  625 F.2d 231 (9th Cir. 1980)................................................................29

*Cohen v. Apple Inc.*,
  46 F.4th 1012 (9th Cir. 2022) ..............................................................6

*Conn. Nat'l Bank v. Germain*,
  503 U.S. 249 (1992) ............................................................................7

*Coyote Publ'g, Inc. v. Miller*,
  598 F.3d 592 (9th Cir. 2010)................................................................18–20

*CSX Transp., Inc. v. McBride*,
  564 U.S. 685 (2011) ............................................................................10

*Diede v. Burlington N. R.R. Co.*,
  772 F.2d 593 (9th Cir. 1985)................................................................8

*District of Columbia v. Heller*,
  554 U.S. 570 (2008) ............................................................................24

*Drakes Bay Oyster Co. v. Jewell*,
  747 F.3d 1073 (9th Cir. 2014)..............................................................30

*Drummond v. Robinson Twp.*,
  9 F.4th 217 (3d Cir. 2021)....................................................................22

*E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*,
  575 U.S. 768 (2015) ............................................................................6

*First Resort, Inc. v. Herrera*,
  860 F.3d 1263 (9th Cir. 2017)..............................................................17

*Fla. Bar v. Went For It, Inc.*,
  515 U.S. 618 (1995) ............................................................................20

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Fleck & Assocs., Inc. v. Phoenix*,
    471 F.3d 1100 (9th Cir. 2006)..........................................................................23

*Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*,
    559 U.S. 280 (2010) ........................................................................................8

*Greater New Orleans Broad. Ass'n, Inc. v. United States*,
    527 U.S. 173 (1999) ......................................................................................21

*Healy v. Beer Inst.*,
    491 U.S. 324 (1989) ......................................................................................15

*Heesan Corp. v. City of Lakewood*,
    118 Wash. App. 341 (2003) ...........................................................................26

*Ileto v. Glock, Inc.*,
    565 F.3d 1126 (9th Cir. 2009).........................................................7–8, 13, 29

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs.,*
    *& Prods. Liab. Litig.*,
    959 F.3d 1201 (9th Cir. 2020)......................................................................6, 7

*Johnson v. State*,
    894 P.2d 1366 (Wash. Ct. App. 1995) ......................................................10, 25

*Jones v. Google LLC*,
    56 F.4th 735 (9th Cir. 2022) ............................................................................6

*Junior Sports Mags. Inc. v. Bonta*,
    No. 2:22-cv-04663-CAS (JCx),
    2022 WL 14365026 (C.D. Cal. Oct. 24, 2022)................................................20

*Lorillard Tobacco Co. v. Reilly*,
    533 U.S. 525 (2001) ......................................................................................17

*McDonald v. City of Chicago*,
    561 U.S. 742 (2010) ......................................................................................24

*Melendres v. Arpaio*,
    695 P.3d 990 (9th Cir. 2012) ........................................................................28

*Melton v. Century Arms, Inc.*,
    243 F. Supp. 3d 1290 (S.D. Fla. 2017) ...........................................................19

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

iv

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  *Munaf v. Geren*,
        553 U.S. 674 (2008) ......................................................................4
2
   *N.A.A.C.P. v. Button*,
3        371 U.S. 415 (1963) ....................................................................27

4  *Nat'l Shooting Sports Found., Inc. v. James*,
        604 F. Supp. 3d 48 (N.D.N.Y. 2022),
5        *appeal docketed*, No. 22-1374 (2d Cir. Feb. 14, 2023) ................8

6  *Native Vill. of Kivalina v. ExxonMobil Corp.*,
        696 F.3d 849 (9th Cir. 2012) ......................................................27
7
   *Nat'l Pork Producers Council v. Ross*,
8        143 S. Ct. 1142 (2023) ................................................................15

9  *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*,
        142 S. Ct. 2111 (2022) ..........................................................23–24
10
11 *Reno v. A.C.L.U.*,
        521 U.S. 844 (1997) ....................................................................27

12 *Rubin v. Coors Brewing Co.*,
        514 U.S. 476 (1995) ....................................................................20
13
   *Rush Prudential HMO, Inc. v. Moran*,
14       536 U.S. 355 (2002) ......................................................................7

15 *Safari Club Int'l v. Bonta*,
        No. 2:22-cv-01395-DAD-JDP,
16       2023 WL 184942 (E.D. Cal. Jan. 12, 2023) ..............................20

17 *Safari Club Int'l v. Rudolph*,
        862 F.3d 1113 (9th Cir. 2017) ....................................................12
18
   *Schwartzmiller v. Gardner*,
19       752 F.2d 1341 (9th Cir. 1984) ....................................................25

20 *Soto v. Bushmaster Firearms Int'l, LLC*,
        202 A.3d 262 (Conn.), *cert. denied*,
21       140 S. Ct. 513 (2019) ............................................................19, 21

22

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Sprint Telephony PCS, L.P. v. County of San Diego*,
   543 F.3d 571 (9th Cir. 2008) (en banc)..............................................5

*State of Washington v. Abrams*,
   178 P.3d 1021 (2008) ..........................................................10–11

*Teixeira v. County of Alameda*,
   873 F.3d 670 (9th Cir. 2017)................................................22–24

*Tracy Rifle & Pistol LLC v. Harris*,
   118 F. Supp. 3d 1182 (E.D. Cal. 2015), *aff'd*,
   637 F. App'x 401 (9th Cir. 2016) ................................................20

*United States v. Edge Broad. Co.*,
   509 U.S. 418 (1993) .......................................................................20

*United States v. Salerno*,
   481 U.S. 739 (1987).....................................................................4, 5

*Vill. of Hoffman Ests. v. Flipside*,
   455 U.S. 489 (1982)...........................................17, 24–25, 27

*Wash. Mercantile Ass'n v. Williams*,
   733 F.2d 687 (9th Cir. 1984).....................................................19

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ..........................................................4, 28, 30

*Woods v. Steadman's Hardware, Inc.*,
   No. CV-12-33-H,
   2013 WL 709110 (D. Mont. Feb. 26, 2013) ...............................29

*Yim v. City of Seattle*,
   63 F.4th 783 (9th Cir. 2023) ......................................................16

*Young v. Kitsap County*,
   137 Wash. App. 1003 (2007) ......................................................26

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

vi

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

<u>Constitutional Provisions</u>

U.S. Const. amend. I ............................................................1, 16–19, 25, 27

U.S. Const. amend. II ...................................................................2, 22–25

U.S. Const. art. I, § 8, cl. 3 ...................................................................1, 14

<u>Statutes</u>

15 U.S.C. § 1334 ...................................................................................5

Protection of Lawful Commerce in Arms Act,
    15 U.S.C. ch. 105 ......................................1, 5–7, 9–14, 28–29
        § 7901(a)(7) .................................................................12
        § 7901(a)(8) .................................................................12
        § 7901(b)(1) .................................................................11
        § 7901(b)(6) .................................................................12
        § 7902(a) .......................................................................6
        § 7903(2) .....................................................................14
        § 7903(5)(A) ...........................................................6, 14
        § 7903(5)(A)(ii) ..........................................................12
        § 7903(5)(A)(iii) ........................................................6, 9
        § 7903(5)(A)(iii)(II) ................................................9, 11
        § 7903(5)(C) ................................................................29
        § 7903(6) .....................................................................14
        § 7903(8) .....................................................................14

18 U.S.C. § 922(b)(1) ..........................................................................18

8 U.S.C. § 1324a(h)(2) ...........................................................................5

Wash. Rev. Code § 9.41.040(2)(a)(vii) .................................................18

Wash. Rev. Code § 9.41.040(2)(b) ........................................................18

Wash. Rev. Code § 9.41.042 ..................................................................18

10 Del. Code Ann. § 3930 .................................................................4, 28

N.Y. Gen. Bus. Law § 898-b (McKinney 2021) ................................4, 28

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

vii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

<u>Legislative Materials</u>

2

Substitute S.B. 5078,

3
   68th Leg., Reg. Sess. (Wash. 2023)...................... 1–4, 6, 8–12, 14–21, 23–28
     § 1(4)................................................................................................11

4
     § 2(1)(a) ...........................................................................................4
     § 2(1)(f)..........................................................................................3, 25

5
     § 2(1)(f)(iii) ....................................................................................18
     § 2(10)..............................................................................................4

6
     § 2(12)..............................................................................................4

7
     § 2(3)..............................................................................................4, 9
     § 2(4)................................................................................................3

8
     § 2(5)..............................................................................................3, 26
     § 2(6)..............................................................................................3, 18

9
     § 2(7)................................................................................................4
     § 2(9)..............................................................................................4, 10

10
     § 4................................................................................................11

11

<u>Other Authorities</u>

12

Cal. Assemb. Bill No. 1594,

13
   2023-24 Leg., Reg. Sess. (Cal. 2023) ...............................................4

14
*Protection of Lawful Commerce on Arms Act: Hearings on H.R. 800*
   *Before the Subcomm. on Com. & Admin. L. of the*

15
   *H. Comm. on the Judiciary*,
   109th Cong. 41 (2005)..................................................................14

16

17

18

19

20

21

22

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I.   INTRODUCTION

Nothing in the Constitution or federal law prohibits states from protecting their residents by holding gun companies to basic standards of care in the manufacturing, distribution, marketing, and sale of firearms. Washington recently enacted such standards in Substitute Senate Bill 5078 (SSB 5078), which tackles the growing gun violence crisis by deterring irresponsible behavior by members of the firearm industry. Unhappy with this commonsense law and seeking to shield even the most reckless gun makers and dealers from accountability, Plaintiff National Shooting Sports Foundation (NSSF) filed this lawsuit and request for preliminary injunction. This Court should deny Plaintiff's motion because it meets none of the standards for emergency relief.

First, NSSF is unlikely to succeed on the merits. As explained in a separate motion to dismiss, NSSF lacks standing to bring this case at all, and its lead claim—that the Protection of Lawful Commerce in Arms Act (PLCAA) preempts SSB 5078—lacks any cognizable cause of action. Even if NSSF could overcome these problems, its lead claim is meritless because it is based entirely on what NSSF wishes PLCAA said, rather than the statute's actual text. NSSF's next claim, that SSB 5078 violates the Dormant Commerce Clause, is premised on a theory of "extraterritoriality" that the Supreme Court just emphatically rejected. NSSF's First Amendment claim fails because it cannot show that SSB 5078 is unconstitutional in every application—to the contrary, the statute primarily regulates unlawful and misleading marketing, which has no constitutional

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    protection. Its afterthought of a claim under the Second Amendment is

2    unsupported and ignores contrary en banc Ninth Circuit precedent. And

3    SSB 5078 is valid in the vast majority of its intended applications, meaning NSSF

4    cannot sustain its facial vagueness challenge.

5        Second, NSSF has shown no irreparable harm whatsoever. Mere risk of

6    civil liability cannot constitute irreparable harm. And NSSF's claim that its

7    members will have to cease all marketing nationwide is belied by its failure to

8    point to *any* such effects from other states' existing, substantially similar laws.

9    To the contrary, NSSF's declarants have not changed their active marketing and

10   sales efforts in those states and nationwide.

11       Finally, the public interest and equities weigh heavily against NSSF. NSSF

12   studiously ignores the irresponsible practices of some gun industry members that

13   allow guns to fall into criminal hands, which existing law has proven unable to

14   address. SSB 5078 fills that gap by requiring commonsense controls even NSSF

15   agrees are necessary. Yet NSSF seeks to enjoin this vital measure before it has

16   even been used—despite identifying no actual equities supporting an injunction.

17       In short, NSSF has failed to meet its burden to justify the extraordinary

18   remedy of preliminary relief. This Court should deny NSSF's motion.

19       **II.    BACKGROUND**

20       Washington faces a gun violence crisis. Every 12 hours a Washingtonian

21   dies by gun violence, and more children die each year from gun shots than from

22   car accidents. Rivara Decl. ¶¶ 8–9; Diaz Decl. ¶¶ 7–13. For decades, the illegal

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   and irresponsible business practices of bad actors in the firearms industry have

2   allowed criminals to obtain guns. Webster Decl. ¶¶ 8–12; Gundlach Decl. ¶¶ 11,

3   16–18. Illegal straw purchases from licensed dealers are the most common

4   trafficking pathway for guns ultimately used in crimes, yet unscrupulous dealers

5   still engage in these blatantly illegal sales. Webster Decl. ¶¶ 11–12.

6        The gun industry has long identified concrete steps necessary for industry

7   members to prevent gun diversion, such as secure storage and protocols for straw

8   purchaser detection and prevention—indeed NSSF itself has persistently

9   advocated for them. Busse Decl. ¶¶ 11–21; Gundlach Decl. ¶¶ 37–60. Research

10  further shows that regulatory safeguards can reduce intrastate gun trafficking by

11  as much as 64 percent. Webster Decl. ¶¶ 13–25; Gundlach Decl. ¶¶ 61–85.

12       But even as small steps by the industry could help stem the bloodshed, the

13  industry fights every step towards accountability or change. The Washington

14  Legislature passed Substitute S.B. 5078, 68th Leg., Reg. Sess. (Wash. 2023) to

15  put three commonsense steps into law:

16       •   Require firearm industry members to implement reasonable controls

17  to prevent loss, theft, and sales to straw purchasers, traffickers, and prohibited

18  and at-risk persons—including taking reasonable precautions not to sell to

19  downstream retailers who do not take such controls. §§ 2(1)(f), 2(4), 2(5).

20       •   Prohibit firearm industry members from designing, selling, or

21  marketing products (a) to legally prohibited persons and children under 18, and

22  (b) in a manner that foreseeably promotes conversion into illegal product. § 2(6).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1        •      Provide that a violation of the above is a public nuisance, and permit

2 the Attorney General or injured parties to hold firearms industry members

3 accountable for knowing violations that cause reasonably foreseeable harm.

4 §§ 2(3), 2(7), 2(9), 2(10), 2(12).[1]

5        SSB 5078 goes into effect on July 23, 2023. Similar laws are already in

6 effect in several other states, *see* N.Y. Gen. Bus. Law § 898-b (McKinney 2021);

7 10 Del. Code Ann. § 3930; *see also* Cal. Assemb. Bill No. 1594, 2023-24 Leg.,

8 Reg. Sess. (Cal. 2023) (effective July 1, 2023).

9                       **III.    ARGUMENT**

10 **A.    Legal Standard**

11        "A preliminary injunction is an 'extraordinary and drastic remedy'; it is

12 never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)

13 (citations omitted). NSSF must make a "clear showing" that (1) it is likely to

14 succeed on the merits; (2) it would likely suffer irreparable harm absent an

15 injunction; (3) the balance of equities tips in its favor; and (4) an injunction is in

16 the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

17        A facial challenge is "the most difficult challenge to mount successfully[.]"

18 *United States v. Salerno*, 481 U.S. 739, 745 (1987). NSSF must "show that no set

19 _____

20       [1] SSB 5078 defines "firearm industry member" as "a person engaged in the

21 wholesale or retail sale, manufacturing, distribution, importing, or marketing of

22 a firearm industry product," or their officers or agents. § 2(1)(a).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  of circumstances exists under which [SSB 5078] would be valid." *Id.*; *Sprint*

2  *Telephony PCS, L.P. v. County of San Diego*, 543 F.3d 571, 579 n.3 (9th

3  Cir. 2008) (en banc) (*Salerno* applies in facial preemption cases).

**B.    NSSF Has Not Shown a Likelihood of Success on the Merits**

5  Before the Court even reaches the merits of NSSF's claims, its motion fails

6  on two independent grounds covered in Defendant's simultaneously filed motion

7  to dismiss: NSSF has failed to demonstrate standing, and its lead claim—

8  preemption under PLCAA—has no cognizable cause of action. ECF No. 31.

9  Even ignoring these jurisdictional barriers, NSSF's claims fail.

**1.    SSB 5078 is not preempted by PLCAA**

**a.    PLCAA expressly preserves Washington's authority to pass laws applicable to the gun industry**

NSSF's preemption claim is based entirely on what NSSF wishes PLCAA

said, rather than the statute's actual text. The Court should reject NSSF's request

to twist PLCAA's text to achieve the organization's policy goals.

To begin with, unlike other federal statutes that preempt contrary state

*laws*,[2] PLCAA only preempts "a qualified *civil liability action*," defined as an

"action or proceeding or an administrative proceeding" against gun industry

---

20  [2] *See, e.g.*, 15 U.S.C. § 1334 (preempting laws requiring "additional or

21  different statements" on cigarette packaging); 8 U.S.C. § 1324a(h)(2)

22  (preempting laws sanctioning employment of undocumented immigrants).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    members for harms "resulting from the criminal or unlawful misuse" of a firearm.

2    15 U.S.C. § 7902(a) (emphasis added); § 7903(5)(A). As this text makes clear,

3    PLCCA preempts only specific "civil actions," not *statutes*. This alone defeats

4    NSSF's facial challenge to SSB 5078.

5        NSSF's preemption claim also fails because PLCAA expressly permits "an

6    action in which a manufacturer or seller of a qualified product knowingly violated

7    a State or Federal statute applicable to the sale or marketing of the product[.]"

8    15 U.S.C. § 7903(5)(A)(iii). NSSF's argument is premised on its contention that

9    the term "applicable to" means the state or federal statute must "impose concrete

10   obligations or prohibitions." ECF No. 17 at 19. But no interpretive principle can

11   be strained far enough to make "applicable to" hold that meaning. The

12   fundamental problem with NSSF's argument is one that "inheres in most

13   incorrect interpretations of statutes": it asks this Court "to add words to the law

14   to produce what is thought to be a desirable result." *E.E.O.C. v. Abercrombie &*

15   *Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015).

16       Courts will not find a state law preempted unless " 'that [i]s the clear and

17   manifest purpose of Congress.' " *In re Volkswagen "Clean Diesel" Mktg., Sales*

18   *Pracs., & Prods. Liab. Litig.*, 959 F.3d 1201, 1212 (9th Cir. 2020) (quoting *Wyeth*

19   *v. Levine*, 555 U.S. 555, 556 (2009)); *Cohen v. Apple Inc.*, 46 F.4th 1012, 1028

20   (9th Cir. 2022) (same). In express preemption cases, courts focus on the statute's

21   "plain wording," which "necessarily contains the best evidence of Congress'

22   preemptive intent." *Jones v. Google LLC*, 56 F.4th 735, 740 (9th Cir. 2022)

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   (cleaned up). And NSSF is wrong that courts must construe exceptions to

2   preemption narrowly. Rather, courts interpret a clause "preserving state remedies

3   . . . as it would any statutory language: giving effect to its plain language and

4   meaning in a way that best comports with the statute as a whole." *Volkswagon*

5   *"Clean Diesel" Mktg.*, 959 F.3d at 1213–14. The predicate exception thus has as

6   much to say about PLCAA's preemptive scope as the preemption clause. *See*

7   *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 365 (2002).

8        Yet NSSF's argument ignores the exception's plain language. The words

9   "impose concrete obligations or prohibitions" appear nowhere in the predicate

10  exception or elsewhere in PLCAA. ECF No. 17 at 19, 22. And NSSF does not

11  identify any definition or usage of "applicable to" that means to "impose concrete

12  obligations or prohibitions." This also disposes of NSSF's preemption claim.

13  *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("a legislature

14  says in a statute what it means and means in a statute what it says").

15       NSSF's reliance on *Ileto v. Glock, Inc.*, 565 F.3d 1126 (9th Cir. 2009), and

16  *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384 (2d Cir. 2008), only

17  undermines its argument. Both cases applied canons of construction to choose

18  between a broad meaning of "applicable to," as "capable of being applied," or a

19  narrow meaning, as "applicable specifically." *Ileto*, 565 F.3d at 1133–34;

20  *Beretta*, 524 F.3d at 400–02. But canons are tools to define ambiguous terms, not

21  license to add extraneous terms to alter a statute's plain text and meaning.

22  *Albernaz v. United States*, 450 U.S. 333, 342 (1981) ("Where Congress has

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    manifested its intention," courts may not use canons to "manufacture ambiguity

2    in order to defeat that intent." (citation and internal quotation marks omitted)).

3          Moreover, the common usages of "applicable to" recognized in *Ileto* and

4    *Beretta* preclude NSSF's invented meaning here. *Ileto* made clear its holding did

5    not extend to statutes like SSB 5078 that regulate the firearms industry as

6    opposed to codifying general common law. *See* 565 F.3d at 1136 (predicate

7    exception intended to include "statutes that regulate manufacturing, importing,

8    selling, marketing, and using firearms or that regulate the firearms industry"); *id.*

9    at 1135 n.5 (distinguishing Indiana case alleging "violations of the state's

10   *statutory firearm regulations*"). In short, "[n]o reasonable interpretation of

11   'applicable to' can exclude a statute which imposes liability exclusively on gun

12   manufacturers for the manner in which guns are manufactured, marketed, and

13   sold." *Nat'l Shooting Sports Found., Inc. v. James*, 604 F. Supp. 3d 48, 59

14   (N.D.N.Y. 2022), *appeal docketed*, No. 22-1374 (2d Cir. Feb. 14, 2023).

15         Nor can NSSF cite the two examples in the predicate exception as

16   imposing standalone limits. Nothing in the text suggests that Congress intended

17   those examples to impose silent outer limits on the exception. *See, e.g.*, *Diede v.*

18   *Burlington N. R.R. Co.*, 772 F.2d 593, 595 (9th Cir. 1985) (use of "including"

19   indicates examples are "illustrative, not exclusive"). And courts cannot be

20   expected to discern hardline rules from just two examples, much less determine

21   when a regulation is "concrete" enough to fit the exception. *See Graham Cnty.*

22   *Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 288 (2010)

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    (list of three items "too short to be particularly illuminating[]"). Congress could

2    have easily added these words if it intended to limit the predicate exception in

3    this way. No rule of construction allows NSSF to add them in Congress's stead.

4         NSSF's argument that SSB 5078 does not meet the knowledge or the

5    proximate cause requirements of the predicate exception similarly fails. To start,

6    only an "action" must meet the knowledge or proximate cause requirements, not

7    the underlying statute itself. 15 U.S.C. § 7903(5)(A)(iii) (allowing "an action"

8    where gun industry member "knowingly violated a State or Federal statute" and

9    "the violation was a proximate cause of the harm for which relief is sought").

10   This argument thus provides no basis to facially invalidate SSB 5078.

11        In any event, SSB 5078 comports with the predicate exception's

12   knowledge and proximate cause requirements. Starting with knowledge,

13   SSB 5078 includes a knowledge requirement (§ 2(3)), and NSSF is just wrong

14   that one cannot "knowingly" violate a reasonableness standard. *See, e.g.*,

15   *Barrera-Lima v. Sessions*, 901 F.3d 1108, 1121 (9th Cir. 2018) (statute

16   prohibiting indecent exposure violator knows is "likely to cause reasonable

17   affront or alarm[]"); *State v. Buhman*, 181 Ariz. 52, 53 (Ct. App. 1994) (statute

18   prohibiting parents' "knowing failure to furnish 'reasonable support'" for minor

19   child). PLCAA's example predicate statute itself contemplates that a dealer can

20   knowingly violate a law proscribing sales to someone it "ha[s] reasonable cause

21   to believe" is a prohibited purchaser. 15 U.S.C. § 7903(5)(A)(iii)(II).

22

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1     NSSF also wrongly contends that SSB 5078's definition of proximate

2   cause—requiring reasonable foreseeability (§ 2(9))—is not "true" proximate

3   cause. But NSSF's own primary case, *Bank of America Corp. v. City of Miami*,

4   refutes this argument, acknowledging that "proximate-cause analysis is

5   controlled by the nature of the statutory cause of action." 581 U.S. 189, 201

6   (2017) (citation and internal quotation marks omitted). While that case dealt with

7   the Federal Housing Act, in which "foreseeability alone" was insufficient, *id.*,

8   PLCAA did not adopt the FHA standard. The more reasonable interpretation of

9   PLCAA is that courts would apply the proximate cause standards applicable to

10   state and federal predicate statutes.

11     SSB 5078's proximate cause definition also falls well within traditional

12   conceptions. *See CSX Transp., Inc. v. McBride*, 564 U.S. 685, 701 (2011) (noting

13   courts have interpreted proximate cause in various contexts to include "the

14   probable or natural and probable or *foreseeable consequence test*" (emphasis

15   added) (cleaned up)). And it is consistent with Washington common law, in

16   which a third party's criminal act will defeat proximate cause as a matter of law only

17   "if [it is] so highly extraordinary or improbable as to be wholly beyond the range

18   of expectability." *Johnson v. State*, 894 P.2d 1366, 1371 (Wash. Ct. App. 1995).

19     But even if the Court ultimately concluded that SSB 5078's proximate

20   cause definition could never be applied consistent with PLCAA, the proper

21   outcome would be to sever the definition so that Washington's common law

22   definition of proximate cause would apply. *State of Washington v. Abrams*, 178 P.3d

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    1021, 1025–26 (2008) (permitting severance unless legislature would not have

2    otherwise passed statute or balance of act is "useless to accomplish" its purpose).

3    As SSB 5078 expresses an intent to comport with PLCAA and to sever provisions

4    deemed unconstitutional (§ 1(4), § 4), there is no basis to strike it down.

5                    **b.    PLCAA's purpose and history support preserving state**
                          **legislative authority to regulate the gun industry**

6            Undeterred by its lack of textual support, NSSF asks this Court to add the

7    "concrete obligations or prohibitions" language to further PLCAA's supposed

8    "purpose." But NSSF misrepresents PLCAA's purposes. One of PLCAA's

9    purposes is to prohibit claims against gun industry members for harm "*solely*

10   caused by the criminal or unlawful misuse of firearm products" by others.

11   15 U.S.C. § 7901(b)(1) (emphasis added); *cf.* ECF No. 17 at 12 (omitting "solely"

12   from cited text). NSSF's belief that PLCAA prohibits holding industry members

13   accountable for *any* harm involving others' criminal acts is belied by PLCAA's

14   text and its own example predicate statute. 15 U.S.C. § 7903(5)(A)(iii)(II)

15   (allowing cause of action for harms caused by dealer selling gun to straw

16   purchaser). SSB 5078 fully comports with this stated purpose; for liability to

17   attach, the firearms industry member's action must be a cause of the injury.

18           NSSF also conspicuously ignores PLCAA's other purposes and findings,

19   which contradict its characterization of PLCAA as singularly aimed at

20   eliminating tort claims against the gun industry. One of PLCAA's six stated

21   purposes is to "preserve and protect" separation of powers and "important

22

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    principles of federalism, State sovereignty and comity between sister States."

2    15 U.S.C. § 7901(b)(6). Congress found that "maverick judicial officer[s]" had

3    expanded liability beyond that contemplated in the Constitution, by Congress,

4    "*or by the legislatures of the several States*," circumventing "the Legislative

5    branch" and "undermining" sovereignty and federalism principles. 15 U.S.C.

6    § 7901(a)(7), (8) (emphasis added). Read together, these provisions evince a

7    purpose to preempt common-law tort claims untethered to legislation, while

8    preserving state legislative authority to directly regulate the firearms industry.

9        Moreover, this combined purpose is the only way to explain Congress's

10   inclusion of a broad negligence per se exception in PLCAA. 15 U.S.C.

11   § 7903(5)(A)(ii). Negligence per se allows liability for injury resulting from the

12   violation of a statute, excusing claimants from proving breach or duty. *See Safari*

13   *Club Int'l v. Rudolph*, 862 F.3d 1113, 1126 (9th Cir. 2017). Because PLCAA's

14   negligence per se exception contains no textual limits, it permits common law

15   negligence claims predicated on any state statute establishing standards for the

16   gun industry and intended to protect classes of persons such as the claimant. *See*

17   *id.* [3] This exception dispatches NSSF's characterization of PLCAA's purpose as

18   ───────────────

19        [3] Washington does not currently recognize negligence per se claims as

20   applicable here. But state law could change to exempt SSB 5078 "causes of

21   action" under PLCAA's negligence per se exception in the future, further

22   underscoring the impropriety of NSSF's facial challenge.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   "stamp[ing] out" states' authority to enact new tort laws regulating the gun

2   industry. ECF No. 17 at 14; *see, e.g.*, *Torres v. Daniel Defense, LLC*, No. 2:22-

3   cv-00059, ECF No. 26 ¶¶ 227–42, 243–50 (W.D. Tex. Feb. 23, 2023) (Uvalde

4   school shooting victims' complaint asserting negligence per se claim).

5       NSSF's claim that Congress could not have intended for states to

6   circumvent PLCAA through the "simple expedient" of passing gun reform laws

7   is particularly specious. NSSF and the gun industry know that enacting gun

8   reform laws is no "simple expedient," having stymied federal assault weapons

9   bans, universal background checks, and red flag laws supported by a

10  supermajority of Americans even as mass shootings occur almost daily.

11  Moreover, PLCAA's stated purposes, findings, and exceptions all demonstrate

12  an intent to protect state sovereignty and federalism. While PLCAA limited the

13  authority of *judges* to recognize novel common-law tort claims, it preserved

14  legislative authority to enact new laws regulating the gun industry and to permit

15  negligence claims grounded in such legislative judgments.

16      PLCAA's legislative history, as analyzed by *Ileto*, also undercuts NSSF's

17  position. That history demonstrates congressional intent not to preempt lawsuits

18  for "statutory violations concerning firearm regulations or sales and marketing

19  regulations." *Ileto*, 565 F.3d at 1136–37 (citing, *inter alia*, 151 Cong. Rec.

20  S9217-02 (statement of Sen. Hutchison) ("[Lawsuits] would also be allowed

21  where there is a knowing violation of a firearms law."); *id.* S8927-01 (statement

22  of Sen. Reed) (PLCAA would not apply to violations of "statutes related to the

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    sale or manufacturing of a gun")). Indeed, NSSF itself argued that "policy

2    choices" in this arena "are for Congress and state legislatures to make," and any

3    company that "breaks the law can be sued." *Protection of Lawful Commerce on*

4    *Arms Act: Hearings on H.R. 800 Before the Subcomm. on Com. & Admin. L. of*

5    *the H. Comm. on the Judiciary*, 109th Cong. 41 (2005) (statement of NSSF).

6          Beyond all of these gaping holes in its argument, NSSF does not even

7    attempt to show no set of circumstances exists under which the law would be

8    valid, as required for its facial challenge. Even accepting NSSF's arguments,

9    courts could still apply SSB 5078 outside PLCAA's context, for example, against

10   anyone who is not a licensed industry participant under 15 U.S.C. § 7903(2), (6),

11   or (8), or to remedy harms not resulting "from the criminal or unlawful misuse"

12   of a firearm under 15 U.S.C. § 7903(5)(A). SSB 5078 thus could be applied to

13   unlicensed dealers who sell ghost guns, or for dealers' own violations of state

14   law. *See, e.g.*, *State of Washington v. Fed. Way Disc. Guns, LLC*, No. 22-2-

15   20064-2-SEA, Dkt. No. 100 (King Cnty. Sup. Ct. Apr. 7, 2023) (holding dealer

16   liable for Consumer Protection Act violations for illegal sale and marketing of

17   ammunition). Actions can also proceed under SSB 5078 when they meet

18   PLCAA's other exceptions. NSSF cannot support its facial challenge here.

19   **2.    SSB 5078 comports with the dormant Commerce Clause**

20          NSSF is unlikely to succeed on its dormant Commerce Clause claim

21   because the Supreme Court explicitly rejected the premise on which that claim

22   rests: that SSB 5078 violates the dormant Commerce Clause because it would

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

14

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    apply extraterritorially to firearms industry members outside of Washington.

2    The Court repudiated NSSF's extraterritoriality theory in *National Pork*

3    *Producers Council v. Ross*, 143 S. Ct. 1142 (2023). The *Ross* plaintiffs advanced

4    precisely the same theory NSSF does here: that three cases—*Healy v. Beer Inst.*,

5    491 U.S. 324 (1989); *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*,

6    476 U.S. 573 (1986), and *Baldwin v. G.A.F. Seelig, Inc.*, 294 U.S. 511 (1935)—

7    categorically forbid extraterritorial application of state laws. *Ross*, 143 S. Ct.

8    at 1154. The Court rejected this theory, holding that a "close look at those cases

9    . . . reveals nothing like the rule petitioners posit" and instead "typifies the

10   familiar concern with preventing purposeful discrimination against out-of-state

11   economic interests." *Id*. It noted the extraordinary impact the theory would have

12   on today's "interconnected national marketplace" where "many (maybe most)

13   state laws have the 'practical effect of controlling' extraterritorial behavior,"

14   including tax, environmental, securities, charity, franchise, and tort laws "and

15   plenty else besides." *Id*. at 1156 (quoting *Banner v. United States*, 428 F.3d 303

16   (D.D.C. 2005)). *Healy*, *Brown-Forman*, or *Baldwin* did not "mean[] to do so

17   much"; rather, the Court held, they forbid only a "specific" type of extraterritorial

18   effect that discriminates against out-of-state economic interests. *Id*.

19   Here, NSSF does not demonstrate that SSB 5078 discriminates against out-

20   of-state economic interests. To the contrary, it submits a supporting declaration

21   from a Washington manufacturer that asserts the same nebulous and unsupported

22   harms as two out-of-state manufacturers. *Compare* ECF No. 18 ¶¶ 10–11 *with*

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

15

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    ECF No. 19 ¶¶ 11–13, ECF No. 20 ¶¶ 10–12. Having failed to demonstrate

2    purposeful discrimination, NSSF cannot show a likelihood of success.

3         **3.**      **SSB 5078 does not violate the First Amendment**

4         NSSF's facial First Amendment challenge fails because it does not come

5    close to showing that SSB 5078 is unconstitutional in every conceivable

6    application, as required on this facial challenge. To the contrary, SSB 5078

7    primarily regulates marketing that is misleading or concerns illegal activity,

8    meaning the First Amendment does not apply to begin with.

9         As an initial matter, the applicable analysis, as with any content-based

10   marketing restriction applied to a particular industry, is the four-prong

11   commercial speech test set forth in *Central Hudson Gas & Electric Corp. v.*

12   *Public Service Commission of New York*, 447 U.S. 557 (1980).[4] NSSF's claim

13   that "heightened scrutiny" applies because SSB 5078 is "content-based" is

14   "refuted by our [Ninth Circuit] precedent, which holds that content-based

15   restrictions of commercial speech are subject to intermediate scrutiny[.]" *Yim v.*

16   *City of Seattle*, 63 F.4th 783, 793 n.14 (9th Cir. 2023); *see also Central Hudson*,

17    

18        [4] SSB 5078 does not facially regulate speech "*based on*" viewpoint, i.e. the

19   speaker's "specific motivating ideology or perspective." *Boardman v. Inslee*, 978

20   F.3d 1092, 1110 (9th Cir. 2020). To the extent NSSF suggests it is a smokescreen

21   for viewpoint discrimination, this is precisely what the *Central Hudson* test is

22   designed to scrutinize and prevent. *Edenfield v. Fane*, 507 U.S. 761, 771 (1993).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

16

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    447 U.S. at 564 n.6; *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489

2    (1996) (applying *Central Hudson* to liquor advertising ban); *Lorillard Tobacco*

3    *Co. v. Reilly*, 533 U.S. 525, 554 (2001) (same for tobacco advertising regulation).

4    　　　　Generally, on a First Amendment facial challenge, a plaintiff must either

5    show that the statute is "'unconstitutional in every conceivable application, or . . .

6    is unconstitutionally overbroad.'" *First Resort, Inc. v. Herrera*, 860 F.3d 1263,

7    1271 (9th Cir. 2017) (quoting *Foti v. City of Menlo Park*, 146 F.3d 629 (9th

8    Cir. 1998). But "the overbreadth doctrine does not apply to regulations of purely

9    commercial speech." *Am. Acad. of Pain Mgmt. v. Joseph*, 353 F.3d 1099, 1111–

10   12 (9th Cir. 2004) (citing *Vill. of Hoffman Ests. v. Flipside*, 455 U.S. 489, 497

11   (1982)); *Bd. of Trs. of State Univ. of New York v. Fox*, 492 U.S. 469, 483 (1989)

12   (reaffirming "the nonapplicability of overbreadth analysis to commercial

13   speech"). This is because commercial speech, "the offspring of economic self-

14   interest, is a hardy breed of expression" that is "not easily deterred by 'overbroad

15   regulation.'" *Central Hudson*, 447 U.S. at 564 n.6, 565 n.8 (quoting *Bates v. State*

16   *Bar of Ariz.*, 433 U.S. 350, 381 (1977)). NSSF does not contend that SSB 5078

17   applies to anything other than commercial speech. *See Am. Acad. of Pain Mgmt.*,

18   353 F.3d at 1106 (statute regulates commercial speech where it applies to

19   marketing of a specific type of product).

20   　　　　NSSF must therefore show on this facial challenge that SSB 5078 is

21   unconstitutional in every application. And it cannot make that showing under the

22   first prong of *Central Hudson*, which asks whether the regulated speech concerns

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

17

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    illegal activity or is misleading; if it is, the First Amendment "extends no

2    protection and the analysis ends." *Coyote Publ'g, Inc. v. Miller*, 598 F.3d 592,

3    606 (9th Cir. 2010) (citing *Central Hudson*, 447 U.S. at 563–64). Here, the vast

4    majority—arguably, all—of SSB 5078's applications concern speech that is not

5    protected by the First Amendment to begin with.

6        First, SSB 5078 explicitly defines "reasonable controls" on marketing as

7    controls designed to "ensure that the firearm industry member *complies with all*

8    *provisions of state and federal law* and does not otherwise promote the *unlawful*

9    . . . marketing . . . of a firearm industry product." § 2(1)(f)(iii) (emphases added).[5]

10   Second, SSB 5078 prohibits three types of illegal marketing: (1) promoting

11   "conversion . . . into illegal" products; (2) targeting persons "legally prohibited

12   from purchasing or possessing firearms"; or (3) targeting children. § 2(6). Selling

13   firearms to children is illegal, 18 U.S.C. § 922(b)(1), as is child possession of a

14   firearm, subject to narrow exceptions (such as hunting safety courses) that

15   require an adult to *temporarily* provide the firearm to a child. Wash. Rev. Code

16   §§ 9.41.040(2)(a)(vii), (2)(b); Wash. Rev. Code. § 9.41.042. Third, SSB 5078

17   permits liability for harms resulting from pervasive "illegal and unscrupulous

18   _____

19        [5] This provision does not contemplate that "compliance with all laws"

20   relating to marketing firearms is "a defense," as NSSF claims. ECF No. 17 at 30.

21   Rather, it creates a cause of action for harms resulting from the failure to establish

22   reasonable controls to ensure compliance with law. § 2(1)(f)(iii).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

18

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    [firearms] marketing practices." *See, e.g.*, *Soto v. Bushmaster Firearms Int'l,*

2    *LLC*, 202 A.3d 262 (Conn.) (permitting Sandy Hook families' lawsuit against

3    manufacturer for marketing promoting offensive use of AR-15), *cert. denied*, 140

4    S. Ct. 513 (2019); *Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1306

5    (S.D. Fla. 2017) (permitting claim that advertising falsely represented safety of

6    AK-47 to proceed); Busse Decl. ¶¶ 22–60 (discussing sharp rise in illegal and

7    misleading marketing of military-style weapons for offensive use).

8        NSSF therefore has utterly failed to show that SSB 5078 is unconstitutional

9    in every application, as required on this pre-enforcement facial challenge.

10   NSSF's First Amendment claim fails on this basis alone.[6]

11       But even if that was not the case, SSB 5078 would still easily pass the next

12   three *Central Hudson* prongs. Under the second prong, NSSF does not dispute

13   the State's substantial interest in mitigating gun violence. "Regulations that are

14   addressed to the third-party effects of private transactions, not to protecting

15   people from themselves, are more likely to be consonant with First Amendment

16   values." *Coyote Publ'g*, 598 F.3d at 602; *see Tracy Rifle & Pistol LLC v. Harris*,

17   118 F. Supp. 3d 1182, 1187 (E.D. Cal. 2015), *aff'd*, 637 F. App'x 401 (9th

18   _____

19       [6] Even if NSSF could bring an overbreadth challenge, it would fail because

20   NSSF has not shown a substantial number of unconstitutional applications

21   relative to the plainly legitimate sweep of regulating unlawful and misleading

22   speech. *Wash. Mercantile Ass'n v. Williams*, 733 F.2d 687, 692 (9th Cir. 1984).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

19

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Cir. 2016) ("public health and safety issues" from "handgun crime and violence

2    are a substantial Government interest"); *Junior Sports Mags. Inc. v. Bonta*,

3    No. 2:22-cv-04663-CAS (JCx), 2022 WL 14365026, at *17 (C.D. Cal. Oct. 24,

4    2022) ("Protecting minors and the public broadly from gun violence is a

5    substantial government interest."); *Safari Club Int'l v. Bonta*, No. 2:22-cv-01395-

6    DAD-JDP, 2023 WL 184942, at *11 (E.D. Cal. Jan. 12, 2023) (same).

7        Under the third prong, SSB 5078 "directly and materially advances" that

8    interest, which requires that the asserted harms are real and the regulation will

9    " 'alleviate them to a material degree.' " *Fla. Bar v. Went For It, Inc.*, 515 U.S.

10   618, 626 (1995) (quoting *Rubin v. Coors Brewing Co.*, 514 U.S. 476, 487 (1995)).

11   NSSF does not dispute that the harms of illegal gun use, including by children,

12   are real, or that preventing marketing for unlawful use will materially address

13   them. *See* Rivara Decl. ¶¶ 7–17; Busse Decl. ¶¶ 54–60; *Rubin*, 514 U.S. at 489

14   ("common sense" that "restriction on the advertising of a product characteristic

15   will decrease the extent to which consumers select a product on the basis of that

16   trait[ ]"). Instead, NSSF contends SSB 5078 is underinclusive, but fundamentally

17   misunderstands the inquiry. Where a law is a logical means of addressing a

18   legitimate interest, it need not eliminate the entire problem; the *only* question is

19   whether it materially advances the goal, which SSB 5078 does. *United States v.*

20   *Edge Broad. Co.*, 509 U.S. 418, 434 (1993); *Coyote Publ'g*, 598 F.3d at 608–09.

21   Washington law already prohibits "criminals who misuse firearms" and "direct

22   incitements to violence" (ECF No. 17 at 31), and the fact that SSB 5078 addresses

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

20

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    direct product marketing rather than "vast swaths" of artistic expression such as

2    films or video games (*id.*) does not come close to showing that the law is "so

3    pierced by exemptions and inconsistencies[,]" *Greater New Orleans*

4    *Broadcasting Ass'n, Inc. v. United States*, 527 U.S. 173, 190 (1999), that it cannot

5    materially advance the State's interest in preventing gun violence.

6         Finally, under the fourth prong, the law is not "more extensive than

7    reasonably necessary" in light of the State's interests. *Fox*, 492 U.S. at 477

8    (quoting *In re R.M.J.*, 455 U.S. 191, 207 (1982)). Commercial speech restrictions

9    need not be the "least restrictive means" to achieve the desired end. *Id.* Instead,

10   the State need only achieve a "reasonable" fit between means and ends, with a

11   scope that is "in proportion to the interest served," and courts are "loath to

12   second-guess" legislative judgment in this area. *Id.* at 478, 480 (quoting *In re*

13   *R.M.J.*, 455 U.S. at 203). SSB 5078 does not ban any speech, but rather permits

14   claims arising from unlawful and misleading marketing practices that cause

15   foreseeable harm, similar to many state and federal consumer protection and

16   unfair trade practices laws. *See, e.g.*, *Soto*, 202 A.3d at 304 (such statutes "have

17   long been among the primary vehicles for litigating claims that sellers of

18   potentially dangerous products such as firearms have marketed those products in

19   an unsafe and unscrupulous manner[]"); *Fox*, 492 U.S. at 477 (commercial

20   speech enjoys "limited" protection and is subject to "modes of regulation that

21   might be impermissible" for noncommercial speech (quoting *Ohralik v. Ohio*

22   *State Bar Ass'n*, 436 U.S. 447, 456 (1978)). Similarly, prohibiting firearms

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

21

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   marketing targeted at children is a reasonable response to the enormous harms

2   caused by child access to guns. Rivara Decl. ¶¶ 12–16. As NSSF itself exhorts its

3   members: "Keeping guns out of the hands of . . . minors . . . is critical to

4   preventing violent crime and keeping communities safe." Busse Decl. ¶ 17.

5       **4.**    **SSB 5078 does not violate the Second Amendment**

6           NSSF's Second Amendment claim fails under the Ninth Circuit's en banc

7   decision in *Teixeira v. County of Alameda*, 873 F.3d 670 (9th Cir. 2017), which

8   controls this issue and explicitly held that "the Second Amendment does not

9   independently protect a proprietor's right to sell firearms." *Id.* at 690. The court

10   rejected a prospective seller's challenge to an ordinance prohibiting gun stores

11   within certain distances of a school or residence. *Id.* at 683–88. It held that

12   nothing in the Second Amendment's text protecting the right of the "the people"

13   to "keep and bear" arms suggests that "sellers fall within the scope of its

14   protection." *Id.* at 683. The court also examined British and colonial history to

15   conclude that "no historical authority suggests that the Second Amendment

16   protects an individual's right to *sell* a firearm unconnected to the rights of citizens

17   to 'keep and bear' arms." *Id.* at 686-87; *see also Drummond v. Robinson Twp.*,

18   9 F.4th 217, 230 (3d Cir. 2021) ("We know of no court, modern or otherwise, to

19   hold that the Second Amendment secures a standalone right to *sell* guns[.]").

20           While *Teixeira* recognized that some firearms commerce is a "necessary

21   prerequisite to keeping and possessing arms for self-defense," and can potentially

22   support a derivative challenge by sellers on behalf of customers (873 F.3d at 682),

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

22

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    NSSF does not and cannot assert such claims here. It does not allege associational

2    standing to sue on behalf of individual consumers. ECF No. 1 ¶ 8 (NSSF

3    represents "manufacturers, distributors, and retailers of firearms, ammunition,

4    and related products"); *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1105

5    (9th Cir. 2006) (for associational standing, organization must show it "represents"

6    those persons, "express[es] their collective views and protect[s] their collective

7    interests" (cleaned up)). Nor does NSSF show that SSB 5078 will deprive

8    individuals of the right to bear arms. Rather, NSSF submits the same generic

9    declarations from gun manufacturers it filed against New York's substantially

10    similar public nuisance law. *See infra*, § II(C). But NSSF fails to identify *any*

11    tangible harm to the right to bear arms from New York's law, which went into

12    effect nearly two years ago, and it does not and cannot show such harm here.

13    *Teixeira* also comports with *New York State Rifle & Pistol Ass'n, Inc. v.*

14    *Bruen*, 142 S. Ct. 2111, 2126 (2022). The Court in *Bruen* rejected the *second step*

15    of the two-step analysis previously used by federal courts of appeals in examining

16    Second Amendment claims. *Id.* at 2127. Under that analysis, courts would first

17    examine the Second Amendment's text and history to determine if the regulated

18    conduct fell within the amendment's protective scope, and if so, would move to

19    the second step and conduct a means-end analysis. *Id.* at 2126. *Bruen* rejected the

20    second-step means-end analysis, but deemed the first step consistent with

21    precedent. *Id.* at 2127; *see also id.* at 2129–30. And *Teixeira* stopped at the first

22    step, holding neither the text nor history of the Second Amendment demonstrates

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

23

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    protection of a standalone right to *sell* firearms. *Teixeira* thus comports with

2    *Bruen* and prior Supreme Court authority. *District of Columbia v. Heller*, 554

3    U.S. 570, 626–27 (2008) (nothing "should be taken to cast doubt on . . . laws

4    imposing conditions and qualifications on the commercial sale of arms[]");

5    *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (same); *Bruen*, 142 S.

6    Ct. at 2162 (Kavanaugh, J. joined by Roberts, C.J., concurring),

7        NSSF's citation to *Camden County Board of Chosen Freeholders v.*

8    *Beretta*, *U.S.A. Corp.*, 273 F.3d 536 (3d Cir. 2001), is inapposite. ECF No. 17 at 35.

9    There, the Third Circuit rejected a nuisance claim based solely on New Jersey

10   state law, not the Second Amendment. *Camden Cnty. Bd. of Chosen Freeholders*,

11   273 F.3d at 539. And contrary to NSSF's claim, nuisance laws have applied to

12   firearms for centuries. *See* Cornell Decl. ¶¶ 28–40.

13       **5.    SSB 5078 comports with due process**

14       NSSF's due process claim also fails. States have enforced public nuisance

15   laws like SSB 5078 for centuries and NSSF fails to cite a single case striking such

16   a law down due to vagueness. SSB 5078 readily satisfies due process standards.

17       First, NSSF cites the wrong standard. Economic regulations are "subject

18   to a less strict vagueness test" for a variety of reasons, including that their "subject

19   matter is often more narrow," and businesses "face economic demands to plan

20   behavior carefully" and can be "expected to consult relevant legislation in

21   advance of action." *Hoffman,* 455 U.S. at 498–99. And to support a facial

22   challenge for those aspects of SSB 5078 that do not implicate the First

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

24

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Amendment, NSSF must show the statute "is impermissibly vague in all of its

2    applications." *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1347 (9th Cir. 1984)

3    (quoting *Hoffman*, 455 U.S. at 497)).[7]

4          NSSF does not attempt to meet this burden. SSB 5078 provides more than

5    sufficient clarity to "give ordinary people fair notice of the conduct it punishes."

6    *Johnson v. United States*, 576 U.S. 591, 595 (2015). NSSF claims it cannot

7    possibly know what "reasonable controls" requires (ECF No. 17 at 33–34), but

8    the statute defines this term as "procedures, safeguards, and business practices"

9    designed to (1) prevent sales to straw purchasers, traffickers, and prohibited or

10   at-risk purchasers; (2) prevent loss and theft; and (3) ensure compliance with

11   existing law. § 2(1)(f). SSB 5078 plainly covers conduct such as selling firearms

12   to a person who asserts they are buying it for someone else, keeping loaded

13   firearms in an unsecured location where they can be stolen, or failing to run

14   federally-required background checks. These commonsense applications show

15   that NSSF cannot possibly demonstrate the law is "vague in all its applications."

16   *Hoffman*, 455 U.S. at 497. And NSSF *already promotes* reasonable measures to

17   address precisely these harms. Busse Decl. ¶¶ 12–20; Gundlach Decl. ¶¶ 46–52.

18   _____

19          [7] NSSF claims *Hoffman* applied a "stringent" test for statutes implicating

20   constitutional rights "of any kind" (ECF No. 17 at 33), but that language is not in

21   *Hoffman*, which only addressed the First Amendment. 455 U.S. at 495–99. In any

22   event, SSB 5078 does not implicate the Second Amendment, *see supra*.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

25

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    NSSF also suggests industry members cannot know how to take

2    "reasonable precautions" against doing business with downstream distributors

3    and retailers that do not implement reasonable controls. ECF No. 17 at 34; SSB

4    5078 § 2(5). But "precaution" is a commonly used term meaning "a measure

5    taken beforehand to prevent harm or secure good."[8] And contrary to NSSF's bald

6    assertions, the gun industry has long known about reasonable precautions it can

7    take, such as requiring distribution partners to commit to reasonable security

8    protocols, or to report ATF tracing data when firearms they sold are used in

9    crimes. Gundlach Decl. ¶¶ 23–35, 37, 45, 54–60. Regardless, NSSF cannot show

10   this requirement is vague in all its applications. It straightforwardly applies, for

11   example, to manufacturers who sell firearms to known conduits for gun

12   traffickers, or to retailers who advertise their refusal to comply with applicable

13   laws. These commonsense applications defeat a facial challenge.

14    NSSF also attacks SSB 5078's incorporation of Washington public

15   nuisance law. ECF No. 17 at 34. But Washington's public nuisance statutes have

16   been in place since 1881, track generally accepted definitions, and have never

17   been held void for vagueness. *See Young v. Kitsap County*, 137 Wash. App. 1003

18   (2007) (unpublished); *Heesan Corp. v. City of Lakewood*, 118 Wash. App. 341

19   (2003) (upholding nuisance statutes against vagueness challenges); *see also*

20   _____

21    [8] *Precaution*, Merriam-Webster.com Dictionary, https://www.merriam-

22   webster.com/dictionary/precaution (last visited May 15, 2023).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD                          26                          ATTORNEY GENERAL OF WASHINGTON
                                                                              1125 Washington Street SE
                                                                                    PO Box 40100
                                                                              Olympia, WA 98504-0100
                                                                                  (360) 753-6200

1    *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 855–56 (9th Cir. 2012)

2    (defining public nuisance as "unreasonable interference with a right common to

3    the general public" and "requir[ing] proof that a defendant's activity unreasonably

4    interfered with the use or enjoyment of a public right"). If anything, SSB 5078

5    provides even greater protection due to its knowledge requirement, which provides

6    additional notice of the conduct proscribed. *Hoffman*, 455 U.S. at 498–99.

7         Finally, with regard to SSB 5078's marketing provisions, NSSF's facial

8    vagueness challenge relies on inapposite cases criminalizing broad swathes of

9    noncommercial speech. *See, e.g.*, *Reno v. A.C.L.U.*, 521 U.S. 844, 859, 871

10   (1997); *N.A.A.C.P. v. Button*, 371 U.S. 415, 417–26 (1963); *Ashcroft v. Free*

11   *Speech Coal.*, 535 U.S. 234 (2002). Even in the First Amendment context,

12   "economic regulation is subject to a less strict vagueness test[.]" *Hoffman*, 455

13   U.S. at 498. The "touchstone" of a First Amendment vagueness claim is "whether

14   a *substantial* amount of legitimate speech will be chilled." *Cal. Teachers Ass'n*

15   *v. State Bd. of Educ.*, 271 F.3d 1141, 1152 (9th Cir. 2001). NSSF does not attempt

16   to make this showing. *See id.* at 1151 (statute not unconstitutionally vague under

17   First Amendment so long as what it proscribes is clear "in the vast majority of its

18   intended applications" (quoting *Hill v. Colorado*, 530 U.S. 703, 733 (2000))). And

19   NSSF's claim that industry members will have no choice but to refrain from speech

20   (ECF No. 17 at 32) rings hollow when virtually-identical marketing provisions

21   have been on the books for almost two years in New York and NSSF's declarants

22   have made no changes to their marketing efforts in that state. *See infra* § II(C).

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

27

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**C.     NSSF Fails to Show Any Likelihood of Irreparable Harm**

NSSF's motion must also be denied because it fails to show irreparable harm. *See Winter*, 555 U.S. at 22 (plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction").

First, NSSF has not shown any "real possibility" of constitutional injury through chilled speech. *Cf. Melendres v. Arpaio*, 695 P.3d 990, 995–96, 1002 (9th Cir. 2012) (plaintiffs illegitimately stopped by police faced "real possibility that they would again be stopped or detained"). NSSF claims SSB 5078 will leave its members with no choice but to cease all marketing nationwide. ECF No. 17 at 32, 36; ECF No. 19 ¶ 11; ECF No. 20 ¶ 10. Yet this claim is belied by the simple fact that a New York law with substantially similar marketing provisions has been in effect since 2021, and a Delaware law since 2022. N.Y. Gen. Bus. Law § 898-b (McKinney 2021); 10 Del. Code Ann. § 3930. NSSF and its declarants do not assert these laws have altered their marketing in any way. To the contrary, both Beretta and Smith & Wesson continue to market their products nationwide, including in New York. Peters Decl. ¶¶ 4–32, Exs. 1–29. The same is true for NSSF's claims that SSB 5078 will "inevitably result in 'the constriction of [the] market' for lawful firearms and related products." ECF No. 17 at 37. If it were so "inevitable" that a law targeted at unlawful use would constrict the market for lawful products, NSSF could provide proof from New York or Delaware. It glaringly fails to do so.

Second, NSSF claims the mere fact its members might be sued under SSB 5078 is itself irreparable harm based on its claimed PLCAA immunity. But

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

28

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    even if NSSF's immunity argument were not fatally flawed (*supra* § II(B)(1)),

2    potential "exposure to civil liability" is not a concrete enough injury to support

3    standing, much less irreparable harm. *City of S. Lake Tahoe v. Cal. Tahoe Reg'l*

4    *Plan. Agency*, 625 F.2d 231, 238 (9th Cir. 1980). And in any event, PLCAA is a

5    defense from suit and does not provide a standalone right of action. ECF

6    No. 31 at 23–28; 15 U.S.C. § 7903(5)(C) ("no provision of [PLCAA] shall be

7    construed to create a public or private cause of action or remedy"); *Woods v.*

8    *Steadman's Hardware, Inc.*, No. CV-12-33-H, 2013 WL 709110, at *3 (D. Mont.

9    Feb. 26, 2013) (PLCAA "only serves as a shield against a class of claims brought

10   against manufacturers and sellers."). Indeed, until NSSF filed this and other cases

11   challenging public nuisance firearms laws, every prior decision interpreting

12   PLCAA arose from an affirmative defense. *See, e.g.*, *Ileto*, 565 F.3d at 1136;

13   *Beretta*, 524 F.3d at 404. NSSF also claims that firearms industry members will

14   incur unspecified compliance costs. ECF No. 17 at 37. But industry members

15   taking "investigatory steps to determine if [they are] in compliance with" a law

16   is "not a particularized injury that distinguishes [a plaintiff] from everyone else

17   to whom the [law] may apply"—again, it is not enough to show standing, let

18   alone irreparable harm. *Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011).[9]

19   _____

20       [9] *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847 (9th

21   Cir. 2009), is self-evidently inapposite, as it involved a state reduction in

22   reimbursement money to hospitals who could not sue to recover the difference.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

29

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   And NSSF is well aware of the reasonable controls necessary for responsible

2   business and actively encourages its members to adopt them. Busse Decl.

3   ¶¶ 12–20; Gundlach Decl. ¶¶ 54–60.

4   **D.    The Equities and Public Interest Weigh Strongly in the State's Favor**

5          The final two *Winter* factors merge when a government official is a

6   defendant. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

7   NSSF studiously ignores the irresponsible practices of some firearm industry

8   members driving the gun violence crisis and causing enormous public harm. Diaz

9   Decl. ¶¶ 7–19. Existing law is not sufficient to ensure all firearms industry

10  members take the same commonsense controls that have proven effective and

11  that NSSF *itself* agrees are necessary. Diaz Decl. ¶ 18; Busse Decl. ¶¶ 12–20;

12  Gundlach Decl. ¶¶ 46–52; Webster Decl. ¶¶ 13–25. Yet NSSF seeks to enjoin

13  this law before it has even been used—despite identifying no actual equities in

14  support of an injunction. To the contrary, NSSF does not even attempt to create

15  a record of any harms other states' similar laws have caused. The public interest

16  and balance of the equities weigh heavily against enjoining this vital law on the

17  basis of a facial challenge that fails on the merits and for which NSSF shows no

18  irreparable harm.

19                          **IV.   CONCLUSION**

20          NSSF's motion for a preliminary injunction should be denied.

21

22

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

30

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1      RESPECTFULLY SUBMITTED this 1st day of June, 2023.

2                              ROBERT W. FERGUSON
                                *Attorney General*
3
                               NOAH G. PURCELL, WSBA 43492
4                               *Solicitor General*

5                                *s/ Emma Grunberg*
                               EMMA GRUNBERG, WSBA 54659
6                              TERA M. HEINTZ, WSBA 54921
                                *Deputy Solicitors General*
7                              ALEXIA DIORIO, WSBA 57280
                               SARAH E. SMITH, WSBA 55770
8                              JOSEPH D. EHLE, WSBA 52549
                                *Assistant Attorneys General*
9                              1125 Washington Street SE
                               PO Box 40100
10                             Olympia, WA  98504-0100
                               (360) 753-6200
11                             Noah.Purcell@atg.wa.gov
                               Emma.Grunberg@atg.wa.gov
12                             Tera.Heintz@atg.wa.gov
                               Alexia.Diorio@atg.wa.gov
13                             Sarah.E.Smith@atg.wa.gov
                               Joseph.Ehle@atg.wa.gov
14
                               *Attorneys for Defendant Robert W. Ferguson*
15

16

17

18

19

20

21

22

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION
NO. 2:23-CV-00113-MKD

31

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that on this day I caused the foregoing document to be

3    electronically filed with the Clerk of the Court using the Court's CM/ECF System

4    which will serve a copy of this document upon all counsel of record.

5

6        I declare under penalty of perjury under the laws of the State of

7    Washington and the United States of America that the foregoing is true and

8    correct.

9        DATED this 1st day of June, 2023, at Olympia, Washington.

10

11                    *s/ Leena Vanderwood*
                    LEENA VANDERWOOD
12                    *Legal Assistant*
                    1125 Washington Street SE
                    PO Box 40100
13                    Olympia, WA  98504-0100
                    (360) 570-3411
14                    Leena.Vanderwood@atg.wa.gov

15

16

17

18

19

20

21

22