William D. Marler (WSBA 17233)
**MARLER CLARK, INC., P.S.**
1012 First Avenue, 5th Floor
Seattle, WA 98104
Tel : 206-346-1888
bmarler@marlerclark.com
*Attorneys for Legal Scholars as Amici Curiae*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT W. FERGUSON, Attorney General of the State of Washington, <br><br> Defendant. | NO. 2:23-cv-00113-MKD <br><br> **LEGAL SCHOLARS' UNOPPOSED MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF** |

The law professors identified in Appendix A (the "Legal Scholars") respectfully submit this memorandum of law in support of their **unopposed** motion for leave to file an *amici curiae* brief in support of defendant's opposition to plaintiff's National Shooting Sports Foundation's ("NSSF") motion for a preliminary injunction.

A. **The Legal Standard for a Motion for Leave to File an *Amici Curiae* Brief**

District courts have broad discretion to permit non-parties to participate in an action as *amici curiae*, and generally courts have "exercised great liberality" in allowing *amicus* briefs. *El Papel LLC v. Inslee*, No. 22-cv-01323, 2020 WL 6158825, at *1 (W.D. Wash. Oct. 21, 2020) (internal citation and quotation marks omitted); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-cv-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (same). District courts frequently accept amicus briefs from non-parties where the briefs "supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). There are no strict prerequisites that must be established to qualify for *amicus* status; an applicant must merely make a showing that its "participation is useful to or otherwise desirable to the court." *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021), appeal dismissed, No. 21-56316, 2022 WL 2031684 (9th Cir. Feb. 1, 2022) (internal citation and quotation marks omitted).

B. ***Amici Curiae*'s Expertise Will Assist in the Court's Consideration of Plaintiff's Motion for a Preliminary Injunction**

As explained in the proposed brief, the *amici*, all of whom are independent of the parties to this action, are law professors and scholars who have a professional interest in the issues presented on this case. Based on their

scholarship, *amici* are able to present learned perspectives on multiple issues relevant to the determination of plaintiff's motion for a preliminary injunction. In particular, *amici* have researched, studied, and taught in the areas of torts, statutory interpretation, constitutional law, and firearms regulation – all of which are implicated by the plaintiff's motion.

*Amici*'s proposed brief draws on these areas of scholarship to address important questions regarding the scope and application of the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901–7903. The principal authors of the proposed brief, Professor Hillel Y. Levin and Professor Timothy D. Lytton,[1] are among the nation's leading scholars of PLCAA, and recently authored a prominent article regarding the constitutional principles that inform that statute. *See* Hillel Y. Levin & Timothy D. Lytton, *The Contours of Gun Industry Immunity: Separation of Powers, Federalism, and the Second Amendment*, forthcoming 75 FL. L. REV. (available at SSRN). As Professors Levin and Lytton explain at length in their article, PLCAA has been misunderstood and misinterpreted by litigants, commentators, and some courts. Their scholarship – and the proposed brief that they submit with this motion – attempts to correct those interpretive errors and promote a uniform and correct interpretation of PLCAA.

---

[1] Professor Levin is the Alex W. Smith Professor of Law at University of Georgia School of Law and Professor Lytton is a Distinguished University Professor and Professor of Law at Georgia State University College of Law.

LEGAL SCHOLARS' UNOPPOSED MOTION - 3
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF

3729420.1

The proposed brief will assist the Court in evaluating three issues implicated by plaintiff's motion for a preliminary injunction.

*First*, drawing on the Legal Scholars' expertise in statutory interpretation, the proposed brief demonstrates that Washington Substitute Senate Bill 5078 ("SB 5078") unambiguously qualifies as a "predicate statute" according to the plain text of PLCAA.[2]

*Second*, drawing on the Legal Scholars' expertise in constitutional law, the proposed brief establishes that liability for violation of SB 5078 under PLCAA's predicate exception would be entirely consistent with PLCAA's overall structure. More specifically, the Legal Scholars explain that PLCAA establishes a statutory scheme that serves three constitutional principles: the individual right to keep and bear arms, the separation of powers, and federalism. Many courts and commentators – and the NSSF in this case – have misconstrued the structural relationship between these principles and the text of PLCAA's predicate exception.

---

[2] The predicate exception is codified at 15 U.S.C. § 7903(5)(A)(iii). Under the predicate exception, PLCAA does not preempt "an action in which a manufacturer or seller . . . knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought." *Id.* This provision is known as the "predicate exception" because it rests on a defendant's violation of an underlying, or "predicate," statute.

*Third*, drawing on their expertise in tort law and statutory interpretation, the Legal Scholars refute the NSSF's argument that SB 5078 cannot serve as predicate statute because it imposes a general duty of care on firearms industry members to establish "reasonable controls" to prevent third-party misuse of its products. As the Legal Scholars explain, standards of conduct like the reasonable care standard imposed by SB 5078 are susceptible to knowing violation and thus can be predicate statutes. This is confirmed by the Legal Scholars' careful analysis of the examples that Congress included in the predicate exception (15 U.S.C. § 7903(5)(A)(iii)(I) & (II)) as well as several exceptions to PLCAA other than the predicate exception (15 U.S.C. § 7903(5)(A)(i)-(vi)).

Based on their expertise, scholarship, and experience in the fields of torts, statutory interpretation, constitutional law, and firearms regulation, *amici* meet the broad discretionary standard for filing an *amicus curiae* brief. *See Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-cv-1254, 2007 WL 81911, at *3. As discussed above, their proposed brief will be useful to the Court because it addresses important issues regarding PLCAA's scope and application through the lens of the Legal Scholars' areas of scholarship and teaching. Moreover, the potential ramifications of this Court's interpretation of PLCAA go far beyond the parties, as several other states have enacted public nuisance laws like SB 5078, and a number of those laws are currently subject to challenge by the NSSF.[3] Indeed,

---

[3] *See NSSF v. Kathy Jennings, Attorney General of the State of Delaware*, No. 22-cv-1499 (D. Del. filed 2022); *NSSF v. Matthew Platkin, Attorney General of*

the Legal Scholars have submitted an unopposed *amici curiae* brief to the Third Circuit raising similar arguments in connection with the NSSF's challenge to New Jersey's public nuisance statute. The Legal Scholars' proposed brief therefore also aids the Court by ensuring that the same legal doctrines explained to the Third Circuit are also before the Court here, where the same federal statute (PLCAA) is under consideration.

---

*New Jersey*, No. 22-cv-6646 (D.N.J. filed 2022), on appeal at No. 23-1214 (3d Cir.); *NSSF v. Rob Bonta, Attorney General of California*, No. 23-cv-945 (S.D. Cal. filed 2023).

LEGAL SCHOLARS' UNOPPOSED MOTION - 6
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF

3729420.1

## CONCLUSION

For the foregoing reasons, the Legal Scholars' unopposed motion for leave to file an *amici curiae* brief should be granted.

Dated: June 7, 2023

           **MARLER CLARK, INC., PS**

           By:  /s/ William D. Marler
                  William D. Marler, Esq.
                  1012 1st Avenue, Fifth Floor
                  Seattle, Washington 98104
                  Telephone: (206) 346-1888
                  bmarler@marlerclark.com

           **FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Timothy M. Haggerty
   (*pro hac vice forthcoming*)
Rupita Chakraborty
   (*pro hac vice forthcoming*)
Alexandra Elenowitz Hess
   (*pro hac vice forthcoming*)
7 Times Square
New York, NY  10036-6516
(212) 833-1100

*Attorneys for Amici Curiae Legal Scholars*

# APPENDIX A: LIST OF *AMICI CURIAE*

The *amici* listed below join this brief as individuals, not as representatives of their respective universities. Institutional affiliations are provided only for purposes of identification.

**Hillel Y. Levin**
Alex W. Smith Professor of Law
*University of Georgia*

**Carl T. Bogus**
Professor of Law
*Roger Williams University*

**Joseph Blocher**
Lanty L. Smith '67 Professor of Law
*Duke University*

**Scott Burris**
Professor of Law
*Temple University*

**William S. Dodge**
Martin Luther King, Jr. Professor of Law and John D. Ayer Chair in Business Law
*University of California, Davis*

**John J. Donohue**
Carlsmith Professor of Law
*Stanford University*

**Michael Green**
Visiting Professor of Law
*Washington University School of Law*

**Timothy D. Lytton**
Distinguished University Professor
*Georgia State University*

**Daniel Greenwood**
Professor of Law
*Hofstra University*

**Alexandra D. Lahav**
Professor
*Cornell Law School*

**Linda Jellum**
Professor of Law
*University of Idaho College of Law*

**Douglas A. Kysar**
Joseph M. Field '55 Professor of Law
*Yale University*

**Michael L. Rustad**
Thomas F. Lambert, Jr. Professor of Law
*Suffolk University*

**Ani B. Satz**
Professor of Law & Public Health
*Emory University*

**John Fabian Witt**
Allen H. Duffy Class of 1960 Professor of Law
*Yale University*

# CERTIFICATE OF SERVICE

On the 7th day of June, 2023, I caused to be served, via ECF electronic service, a true copy of the foregoing Unopposed Motion for Leave to File *Amici Curiae* Brief upon all counsel registered for e-service.

DATED this 7th day of June, 2023

s/ William D. Marler
William D. Marler

**MARLER CLARK, INC., PS**
1012 1st Avenue, Fifth Floor
Seattle, Washington 98104
Telephone: (206) 346-1888
bmarler@marlerclark.com