William D. Marler (WSBA 17233)
**MARLER CLARK, INC., P.S.**
1012 First Avenue, 5th Floor
Seattle, WA 98104
Tel : 206-346-1888
bmarler@marlerclark.com
*Attorneys for Legal Scholars as Amici Curiae*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiff, <br> v. <br><br> ROBERT W. FERGUSON, Attorney General of the State of Washington, <br><br> Defendant. | NO. 2:23-cv-00113-MKD <br><br> **BRIEF OF LEGAL SCHOLARS AS *AMICI CURIAE*** |

BRIEF OF LEGAL SCHOLARS - i
AS *AMICI CURIAE*

3729419.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

INTEREST OF *AMICI CURIAE* ............................................................................ 1

INTRODUCTION ................................................................................................... 1

I.    SB 5078 MAY SERVE AS A PREDICATE STATUTE BECAUSE IT IS "APPLICABLE TO THE SALE AND MARKETING" OF A FIREARM PRODUCT AS THAT PHRASE IS DEFINED BY PLCAA ............................................................ 3

II.   LIABILITY FOR VIOLATION OF SB 5078 UNDER THE PREDICATE EXCEPTION IS ENTIRELY CONSISTENT WITH PLCAA'S STRUCTURE ................................................................ 3

    A.    PLCAA's Explicit Commitment to Protecting Second Amendment Rights Is Expressed in the Predicate Exception's Knowledge and Proximate Causation Requirements .... 5

    B.    PLCAA's Explicit Commitment to Separation of Powers Is Expressed in the Predicate Exception's Distinction Between Legislatively Created Causes of Action, Which May Serve as the Basis for a Lawsuit Against the Industry, and Judge-Made Causes of Action, Which May Not .............................. 6

    C.    PLCAA's Explicit Commitment to Federalism is Expressed in the Predicate Exception's Invitation to State Legislatures to Enact Statutes that Impose Obligations and Prohibitions on the Firearms Industry ................................................... 7

III.  THE NSSF'S IDIOSYNCRATIC DEFINITION OF A PREDICATE STATUTE CONTRADICTS THE PLAIN MEANING OF THE PREDICATE EXCEPTION AND ITS STATUTORY CONTEXT ...................................................................... 7

    A.    General Standards of Reasonable Care are Susceptible to Knowing Violation ..................................................................... 9

     B.     The Examples in the Predicate Exception Explicitly Encompass Predicate Statutes that Impose Duties of Care ............. 10

     C.     PLCAA's Other Exceptions Include Duties of Reasonable Care.................................................................................. 12

CONCLUSION.................................................................................................. 14

APPENDIX A: LIST OF *AMICI CURIAE* ....................................................... 15

# INTEREST OF *AMICI CURIAE*

*Amici* are law professors with expertise in torts, statutory interpretation, constitutional law, and firearms litigation and regulation.[1] *Amici* hold a variety of views about gun control and the value of lawsuits against the gun industry. *Amici*'s interest is to assist the court in properly construing the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901-7903. PLCAA has generated confusion in the courts and has at times been mischaracterized—including by plaintiff National Shooting Sports Foundation ("NSSF") in this case—in a manner inconsistent with its text and structure, and in plain contravention of core legal doctrines that *amici* teach and study.

No person or entity other than *amici* and their counsel authored this brief in whole or in part. No person or entity other than *amici* and their counsel contributed money intended to fund preparing or submitting this brief. *Amici* submit this brief with the consent of all parties.

# INTRODUCTION

Congress passed PLCAA in response to civil lawsuits seeking to hold firearms manufacturers and sellers liable for harm caused by unlawful third-party misuse of their products. These lawsuits, asserting various common law claims,

---

[1] *Amici* submit this brief as individuals, not as representatives of their respective universities. The names of *amici* are listed in Appendix A, with institutional affiliations provided only for purposes of identification.

BRIEF OF LEGAL SCHOLARS - 1
AS *AMICI CURIAE*

3729419.1

alleged that gun industry defendants failed to take reasonable precautions in the design, marketing, distribution, and sale of weapons, resulting in illegal gun trafficking and criminal shootings. To address concerns about such lawsuits, PLCAA delineates a class of lawsuits—referred to as "qualified civil liability actions," 15 U.S.C. § 7902(a)—that federal and state courts may not hear. Importantly, PLCAA also specifies a class of lawsuits that courts may continue to hear. *Id.* § 7903(5)(A)(i)–(vi). Thus, PLCAA is not a complete bar to all lawsuits against firearms manufacturers and sellers for harm caused by unlawful third-party misuse of their products.

At issue in this case is PLCAA's predicate exception, *id.* § 7903(5)(A)(iii). Under the predicate exception, PLCAA does not preempt "an action in which a manufacturer or seller . . . knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought." *Id*. This provision is known as the "predicate exception" because it rests on a defendant's violation of an underlying, or "predicate," statute.

Part I of the following discussion demonstrates that SB 5078 is unambiguously a predicate statute according to the plain text of PLCAA's predicate exception. Part II then establishes that liability for violation of SB 5078 under the predicate exception would be entirely consistent with PLCAA's overall structure. Finally, Part III exposes the fundamental flaws in the NSSF's several attempts to convince the court that the predicate exception does not mean what it plainly says.

## I. SB 5078 May Serve as a Predicate Statute Because it is "Applicable to the Sale and Marketing" of a Firearm Product as that Phrase is Defined by PLCAA

Under PLCAA's predicate exception, a court may hear "an action in which a manufacturer or seller of a [firearm] product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought." 15 U.S.C. § 7903(5)(A)(iii). Thus, for a lawsuit to qualify under the predicate exception, it must meet two requirements. First, it must rely on a predicate statute. Second, it must allege that a firearms manufacturer or seller knowingly violated the predicate statute and that such violation proximately caused harm.

SB 5078 requires firearms industry members to "establish, implement, and enforce reasonable controls regarding [the] manufacture, sale, distribution, importing, use, and marketing of firearm industry products." SB 5078 § 2(4). SB 5078 explicitly, specifically, and unambiguously applies to the sale and marketing of firearms products. SB 5078 therefore qualifies as a predicate statute. A lawsuit that alleges a knowing violation of SB 5078 that proximately caused harm thus falls within the predicate exception.

## II. Liability for Violation of SB 5078 under the Predicate Exception Is Entirely Consistent with PLCAA's Structure

PLCAA does not operate as an absolute liability shield for the firearms industry but rather carefully circumscribes the jurisdiction of federal and state courts to hear only certain claims against firearms industry defendants for harms resulting from third-party unlawful misuse of firearms products. Three

BRIEF OF LEGAL SCHOLARS - 3
AS *AMICI CURIAE*

3729419.1

constitutional principles inform the scope of claims that PLCAA permits: the individual right to keep and bear arms, separation of powers, and federalism. Congress explicitly endorsed these principles in PLCAA's legislative findings and statement of purpose.[2] 15 U.S.C. § 7901(a), (b). By interpreting the predicate exception in light of these structural principles, it is clear that SB 5078 is precisely the type of statute that PLCAA permits and anticipates that states will enact.

---

[2] *Amici* recognize that prefatory material cannot trump the plain meaning of the predicate exception. However, in this case, the prefatory material is in complete accord with the plain meaning of the predicate exception. *Amici* demonstrate a congruent relationship between the prefatory material and the text of the operative provisions, including the predicate exception. Thus, both a narrow focus on the text of the predicate exception and attention to PLCAA's prefatory material compel the conclusion that a lawsuit alleging a violation of SB 5078 could satisfy the predicate exception. *See Confederated Tribes & Bands of Yakama Nation v. Yakima Cnty.*, 963 F.3d 982, 990 (9th Cir. 2020) (the determination of "whether [] language at issue has a plain and unambiguous meaning" is made by referring to the "language itself, the specific context in which that language is used, and the broader context" of the statute or agreement) (internal citation omitted).

### A. PLCAA's Explicit Commitment to Protecting Second Amendment Rights Is Expressed in the Predicate Exception's Knowledge and Proximate Causation Requirements

PLCAA's legislative findings and stated purposes affirm PLCAA's explicit commitment to the individual right to keep and bear arms under the Second Amendment. 15 U.S.C. § 7901(a)(1), (2), (6), (b)(2). To protect the individual right of citizens to keep and bear arms, PLCAA preempts litigation against the firearms industry that could restrict the availability of firearms in the lawful, civilian market. Accordingly, the predicate exception imposes two jurisdictional requirements on permissible claims against the industry that limit litigation. First, it imposes a heightened mental state requirement that any actionable violation be made "knowingly." This limits litigation to allegations of deliberate industry misconduct while protecting firearms manufacturers and sellers from lawsuits based on unwitting negligence. Thus, the predicate exception's knowledge requirement exposes bad actors within the industry to possible lawsuits while protecting law abiding manufacturers and sellers who make honest mistakes.

Second, the predicate exception imposes a proximate cause requirement. This limits litigation to allegations that a manufacturer or seller actively facilitated the unlawful misuse of its products while shielding the industry from vicarious liability for harms caused *solely* by the illegal misconduct of others. The proximate cause requirement thereby holds gun manufacturers and sellers accountable for enabling criminal activity while protecting them from guilt by association.

Lawsuits alleging knowing violation of SB 5078 that proximately caused harm would fall squarely within the scope of permissible claims allowed by the predicate exception. As such, they would be entirely consistent with PLCAA's commitment to defending the individual right of citizens to keep and bear arms by shielding the gun industry from claims based on unwitting negligence and vicarious liability.

    B.    *PLCAA's Explicit Commitment to Separation of Powers is Expressed in the Predicate Exception's Distinction Between Legislatively Created Causes of Action, Which May Serve as the Basis for a Lawsuit Against the Industry, and Judge-Made Causes of Action, Which May Not*

PLCAA is a tort reform statute. A defining characteristic of tort reform is the preemption of state common law causes of action by alternative statutory liability rules. This represents a specific vision of the Constitution's separation of powers among different branches of government. Those who espouse this vision deem courts to encroach on legislative supremacy in the policymaking realm when courts adopt new theories of recovery while acting in their common law capacity.

To uphold the conception of separation of powers endorsed by the statute's findings and purposes, 15 U.S.C. § 7901(a)(7)-(8), PLCAA preempts lawsuits against the industry that rely on common law (i.e., judicially created) liability and insists that legislatures maintain exclusive authority over the creation of legal duties related to the manufacture and sale of firearms. Accordingly, the predicate exception permits lawsuits against the gun industry for harms resulting from the unlawful third-party misuse of firearms products only where, as here, such lawsuits are based on the violation of statutes.

BRIEF OF LEGAL SCHOLARS - 6
AS *AMICI CURIAE*

     C.     *PLCAA's Explicit Commitment to Federalism is Expressed in the Predicate Exception's Invitation to State Legislatures to Enact Statutes that Impose Obligations and Prohibitions on the Firearms Industry*

PLCAA's commitment to the constitutional principle of federalism is explicit in its stated purpose "[t]o preserve and protect the Separation of Powers doctrine and important principles of federalism, State sovereignty and comity between the sister States." 15 U.S.C. § 7901(b)(6). PLCAA honors this commitment to federalism by preserving the ability of states to regulate the industry in accordance with regional variation in attitudes about gun ownership and responses to firearms-related violence that account for state-specific concerns and priorities. Accordingly, the predicate exception allows not only federal but also state statutes to serve as predicate statutes. The plain meaning of the predicate exception's text makes clear that PLCAA preemption does not cover "an action in which a manufacturer or seller of a qualified product knowingly violated a *State* or Federal statute applicable to the sale or marketing of the product. . . . " *Id.* § 7903(5)(A)(iii) (emphasis added).

**III.    The NSSF's Idiosyncratic Definition of a Predicate Statute Contradicts the Plain Meaning of the Predicate Exception and Its Statutory Context**

The NSSF defines a predicate statute in terms that do not appear in any PLCAA provision and that depart from the plain meaning of the predicate exception. According to the NSSF, the predicate exception exempts "only actions predicated on laws that impose concrete obligations or prohibitions that industry members can actually knowingly violate, not laws that merely impose general

duties of care." ECF No. 17 at 11. The NSSF argues that, under this definition, SB 5078 cannot serve as a predicate statute because it imposes a general duty of care on firearms industry members to establish "reasonable controls" to prevent third-party criminal misuse of its products. *Id.* at 14. The NSSF offers three versions of this argument. In each one, the NSSF insists that "context" requires an interpretation of the predicate exception contrary to its plain meaning. However, the context that the NSSF cites supports the plain meaning, not the NSSF's idiosyncratic definition. Moreover, the NSSF's analysis relies on selective reading, mischaracterizations, and distortions of well-established legal doctrine.

As a preliminary matter, the NSSF repeatedly cites the Ninth Circuit's opinion in *Ileto v. Glock* as authority for its restrictive interpretation of the predicate exception. *Id.* at 11, 13, 15, 16; Compl. ¶ 52 (citing *Ileto v. Glock*, 565 F.3d 1126, 1134 (9th Cir. 2009)). In every instance, the NSSF mischaracterizes *Ileto*'s holding.

*Ileto* addressed whether California's codified tort law can serve as a predicate statute under the predicate exception. In that case, the firearms industry defendants argued that "the requirements of the predicate exception would be met only if a plaintiff alleged a knowing violation of a statute that pertained *exclusively* to the sale or marketing of firearms." 565 F.3d at 1134; *see also id.* at 1133 ("Defendants counter that only a separate statute, regulating firearms exclusively (or at least explicitly), can be a predicate statute."). The Ninth Circuit agreed with the defendants, concluding that only "statutes that regulate manufacturing, importing, selling, marketing, and using firearms or that regulate the firearms industry," are predicate statutes. *Id.* at 1136. SB 5078 plainly fits that description.

Nowhere did the *Ileto* court adopt the NSSF's restrictive interpretation of the predicate exception to exclude predicate statutes that impose duties of care or that make no reference to knowing violation or proximate cause.

    A.    *General Standards of Reasonable Care are Susceptible to Knowing Violation*

The NSSF argues that the predicate exception requires knowing violation, so, by inference, predicate statutes must impose "some requirement or obligation sufficiently concrete that an industry member can actually knowingly violate it at the time of manufacture or sale." ECF No. 17 at 12. According to the NSSF, "duties of care" are not susceptible to knowing violation and, therefore, statutes such as SB 5078 that require reasonable controls cannot serve as predicate statutes. This argument incorrectly assumes that standards of reasonable care are not susceptible to knowing violation.

Knowledge is a mental state. Reasonable care is a standard of conduct. Conceptually, these are fully compatible with one another. That is, it makes perfect sense to assert that a person knowingly failed to exercise reasonable care. For example, a firearms seller knowingly fails to exercise reasonable care if the seller knows of reasonable precautions that would reduce the risk of illegal trafficking, unlawful misuse, or inventory theft but deliberately refrains from taking such precautions.

That a reasonable standard of care can be knowingly violated is a matter of hornbook tort law. Dobbs' LAW OF TORTS, the leading treatise on American tort law, offers the examples of driving while intoxicated and drag racing

BRIEF OF LEGAL SCHOLARS - 9
AS *AMICI CURIAE*

3729419.1

on a public highway as illustrative circumstances where a defendant is liable for activity that s/he knows creates an unreasonable risk of harm to others. Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, THE LAW OF TORTS §§ 32, 140 (2d ed.) ("Dobbs") (citations omitted).[3]

Thus, the NSSF's assertion that standards of conduct based on reasonable care are not susceptible to knowing violation is thus conceptually wrong and doctrinally unfounded.

B.  *The Examples in the Predicate Exception Explicitly Encompass Predicate Statutes that Impose Duties of Care*

The predicate exception includes examples. 15 U.S.C. § 7903(5)(A)(iii)(I) & (II). The NSSF asserts that the predicate statutes in these examples impose "concrete obligation[] [and] prohibition[s]." ECF No. 17 at 13. Thus, the NSSF infers, the phrase "applicable to the sale and marketing of a

---

[3] Indeed, the well-established doctrinal concept of recklessness in torts, by definition, combines the mental state of knowledge with the standard of conduct of reasonable care. According to Dobbs: "In civil cases, courts find conduct to be reckless, willful or wanton when two elements concur. First, the conduct must not only create an unreasonable risk of harm to others; it must create a high degree of risk or a risk of very serious harm, or, if a lesser risk or less probable risk, then one that is easily avoided. Second, the defendant must be conscious of the risk and proceed without concern for the safety of others." Dobbs § 32.

[firearm] product" must be read, contrary to its plain meaning, to encompass only statutes that impose "concrete obligations and prohibitions." *Id.* at 13-14. Under this restrictive reading, SB 5078, which imposes a duty of care, cannot serve as a predicate statute. This argument mischaracterizes the predicate exception's examples.

The predicate exception's examples of actionable claims illustrate a category of statutory standards into which SB 5078's reasonable controls standard fits comfortably. The examples include liability for failure to take a required action, such as the failure to make an appropriate entry in a record required for the transfer of a firearm, 15 U.S.C. § 7903(5)(A)(iii)(I), and liability for engaging in any conduct that facilitates a third party's illegal conduct, such as aiding and abetting the transfer of a firearm to a legally ineligible person, *id.* § 7903(5)(A)(iii)(II). In both cases, liability only attaches when the gun industry actor knowingly fails to take the required action or knowingly facilitates an illegal transfer. Just as with the category of statutory standards illustrated by these examples, under the predicate exception, SB 5078 would impose liability on a gun industry member who knowingly fails to establish reasonable controls and thereby knowingly facilitates the illegal transfer of firearms through illegal sales or inventory theft. SB 5078 § 2(1)(f)(i) & (ii).

Thus, SB 5078's requirement of reasonable controls to avoid facilitating illegal gun transfers by others fits comfortably within the category of statutory standards illustrated by the examples in the predicate exception.

BRIEF OF LEGAL SCHOLARS - 11
AS *AMICI CURIAE*

3729419.1

### C.  PLCAA's Other Exceptions Include Duties of Reasonable Care

The NSSF asserts that all five of PLCAA's other exceptions "are limited to circumstances in which the manufacturer or seller itself engaged in some well-defined type of wrongful conduct, such as claims for design or manufacturing defect, fraudulent transfer, negligent entrustment, or breach of contract or warranty." Compl. ¶ 17 (citing 15 U.S.C. § 7903(5)(A)(i)-(vi)). The NSSF infers from these other exceptions that the predicate exception is also limited to statutes that prohibit specific conduct. According to this argument, since SB 5078 requires reasonable controls, it cannot serve as a predicate statute. *Id*.

This argument fails because several of the exceptions cited by the NSSF do, in fact, rely on reasonable care standards rather than a "well-defined type of wrongful conduct." The exception for design defect, 15 U.S.C. § 7903(5)(A)(v), imposes a duty on firearms manufacturers to adopt a reasonable alternative design if such an alternative is feasible. Dobbs § 458 ("In many and perhaps most design defect cases, the plaintiff will have to prove that a safer, *reasonable* alternative design was available to the defendant, and that the failure to adopt that design would have prevented the plaintiff's harm from occurring.") (emphasis added); *see also* Restatement (Third) of Torts: Prod. Liab. § 2 (1998). The exception for negligent entrustment, 15 U.S.C. § 7903(5)(A)(ii), imposes a duty on firearms sellers to exercise reasonable care to discern whether a purchaser "is likely to … use the product in a manner involving unreasonable risk of physical injury to the person or others." *Id.* § 7903(5)(B); Dobbs § 422 ("duty to use reasonable care to control permissive users to prevent them from negligently or intentionally inflicting

harm . . . is closely related to the owner's responsibility for negligent entrustment of chattels to people who foreseeably might use the chattel in a way dangerous to themselves"). The exception for breach of warranty, 15 U.S.C. § 7903(5)(iv), imposes a duty on a firearms manufacturer—in the case of an implied warranty of merchantability—to conform its representations concerning a product to the common practices of the industry. U.C.C. § 2-314(3) ("implied warranties may arise from course of dealing or usage of trade").

In each of these exceptions, PLCAA imposes a general duty on firearms manufacturers to exercise reasonable care with regard to an identifiable risk, rather than imposing specific design, manufacturing, or sales parameters. Design defect doctrine does not specify the design that the defendant-manufacturer should have adopted. Negligent entrustment doctrine does not specify what measures a seller should have taken to discern the level of risk posed by the purchaser. Implied warranty of merchantability doctrine does not specify what the industry custom requires. Similarly, SB 5078 does not specify the specific controls a firearms industry member must establish to prevent the risk of illegal sale of its products (SB 5078 § (2)(f)(i)), or inventory theft or loss (SB 5078 § (2)(f)(ii)). Thus, contrary to the NSSF's argument, the context provided by PLCAA's exceptions suggests that the PLCAA does not limit firearms industry liability to prohibitions of a "well-defined type of wrongful conduct."

BRIEF OF LEGAL SCHOLARS - 13
AS *AMICI CURIAE*

3729419.1

# CONCLUSION

For the foregoing reasons, this Court should deny the NSSF's motion for a preliminary injunction.

Dated:  June 7, 2023

**MARLER CLARK, INC., PS**

By:  /s/ William D. Marler
     William D. Marler, Esq.
     1012 1st Avenue, Fifth Floor
     Seattle, Washington 98104
     Telephone: (206) 346-1888
     bmarler@marlerclark.com


**FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP**
Timothy M. Haggerty
    (*pro hac vice forthcoming*)
Rupita Chakraborty
    (*pro hac vice forthcoming*)
Alexandra Elenowitz Hess
    (*pro hac vice forthcoming*)
7 Times Square
New York, NY  10036-6516
(212) 833-1100

*Attorneys for Amici Curiae Legal Scholars*

BRIEF OF LEGAL SCHOLARS - 14
AS *AMICI CURIAE*

3729419.1

# APPENDIX A: LIST OF *AMICI CURIAE*

The *amici* listed below join this brief as individuals, not as representatives of their respective universities. Institutional affiliations are provided only for purposes of identification.

**Hillel Y. Levin**
Alex W. Smith Professor of Law
*University of Georgia*

**Carl T. Bogus**
Professor of Law
*Roger Williams University*

**Joseph Blocher**
Lanty L. Smith '67 Professor of Law
*Duke University*

**Scott Burris**
Professor of Law
*Temple University*

**William S. Dodge**
Martin Luther King, Jr. Professor of Law and John D. Ayer Chair in Business Law
*University of California, Davis*

**John J. Donohue**
Carlsmith Professor of Law
*Stanford University*

**Michael Green**
Visiting Professor of Law
*Washington University School of Law*

**Timothy D. Lytton**
Distinguished University Professor
*Georgia State University*

**Daniel Greenwood**
Professor of Law
*Hofstra University*

**Alexandra D. Lahav**
Professor
*Cornell Law School*

**Linda Jellum**
Professor of Law
*University of Idaho College of Law*

**Douglas A. Kysar**
Joseph M. Field '55 Professor of Law
*Yale University*

**Michael L. Rustad**
Thomas F. Lambert, Jr. Professor of Law
*Suffolk University*

**Ani B. Satz**
Professor of Law & Public Health
*Emory University*

**John Fabian Witt**
Allen H. Duffy Class of 1960 Professor of Law
*Yale University*

BRIEF OF LEGAL SCHOLARS - 15
AS *AMICI CURIAE*

3729419.1