ROBERT W. FERGUSON
  *Attorney General*

NOAH G. PURCELL, WSBA 43492
  *Solicitor General*

EMMA GRUNBERG, WSBA 54659
TERA M. HEINTZ, WSBA 54921
  *Deputy Solicitors General*
SARAH E. SMITH, WSBA 55770
JOSEPH D. EHLE, WSBA 52549
*Assistant Attorneys General*
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br>Plaintiff,<br><br>v.<br><br>ROBERT W. FERGUSON, Attorney General of the State of Washington,<br><br>Defendant. | NO. 2:23-cv-00113-MKD <br><br> DEFENDANT'S REPLY IN SUPPORT OF 12(b)(1) AND 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT <br><br> AUGUST 18, 2023 <br> With Oral Argument <br> 10:00 am, Courtroom 755 |

DEFENDANT'S REPLY IN SUPPORT
OF 12(B)(1) AND 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-cv-00113-MKD

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................... 1

II. ARGUMENT ............................................................................................. 2

    A. This Case is Not Justiciable ............................................................. 2

        1. NSSF has not alleged any conduct that would violate SSB 5078 ........................................................ 2

        2. NSSF similarly lacks standing on its First Amendment claim ............................................................. 6

        3. This facial challenge is prudentially unripe ............................. 7

    B. There is No Cause of Action For an Affirmative Claim Under PLCAA ....................................................................... 9

III. CONCLUSION ........................................................................................ 10

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# TABLE OF AUTHORITIES

Cases

*Arizona v. Yellen*,
  34 F.4th 841 (9th Cir. 2022) ...................................................................... 2, 4

*Armstrong v. Exceptional Child Ctr., Inc.*,
  575 U.S. 320 (2015) ................................................................................. 9, 10

*Ass'n of Irritated Residents v. U.S. Env't Prot. Agency*,
  10 F.4th 937 (9th Cir. 2021) ........................................................................ 8

*Bankshot Billiards, Inc. v. City of Ocala*,
  634 F.3d 1340 (11th Cir. 2011) ................................................................... 6

*Blessing v. Freestone*,
  520 U.S. 329 (1997) ................................................................................... 10

*Carrico v. City & County of San Francisco*,
  656 F.3d 1002 (9th Cir. 2011) ........................................................... 2, 3, 5, 6

*City of Los Angeles v. Patel*,
  576 U.S. 409 (2015) ...................................................................................... 8

*Golden v. California Emergency Physicians Med. Grp.*,
  782 F.3d 1083 (9th Cir. 2015) ..................................................................... 8

*Ileto v. Glock, Inc.*,
  565 F.3d 1126 (9th Cir. 2009) ................................................................... 10

*Isaacson v. Horne*,
  716 F.3d 1213 (9th Cir. 2013) ..................................................................... 9

*Isaacson v. Mayes*,
  __ F. Supp.3d __, No, CV-21-01417-PHX-DLR,
  2023 WL 315259 (D. Ariz. Jan. 19, 2023) ................................................... 6

*Italian Colors Rest. v. Becerra*,
  878 F.3d 1165 (9th Cir. 2018) .................................................................. 3, 6

*Nat. Res. Def. Council v. Cal. Dep't of Transp.*,
  96 F.3d 420 (9th Cir. 1996) ....................................................................... 10

DEFENDANT'S REPLY IN SUPPORT
OF 12(B)(1) AND 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Sofamor Danek Grp., Inc. v. Brown*,
   124 F.3d 1179 (9th Cir. 1997) ................................................................. 10

*Stormans, Inc. v. Selecky*,
   586 F.3d 1109 (9th Cir. 2009) ................................................................... 5

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ............................................................................ 3, 4

*Suter v. Artist M.*,
   503 U.S. 347 (1992) ................................................................................ 10

*Thomas v. Anchorage Equal Rts. Comm'n*,
   220 F.3d 1134 (9th Cir. 2000) ................................................................... 8

*Tingley v. Ferguson*,
   47 F.4th 1055 (9th Cir. 2022) ............................................................ 4, 5, 7

*Twitter, Inc. v. Paxton*,
   56 F.4th 1170 (9th Cir. 2022) ............................................................ 4, 6, 7

*United States v. Kuzma*,
   967 F.3d 959 (9th Cir. 2020) ...................................................................... 9

*Wash. State Grange v. Wash. State Republican Party*,
   552 U.S. 442 (2008) .................................................................................. 9

Constitutional Provisions

Supremacy Clause,
   U.S. Const. art. VI, cl. 2 ............................................................................ 9

Statutes

42 U.S.C. § 1983 ....................................................................................... 9, 10

Declaratory Judgment Act,
   28 U.S.C. § 2202 ....................................................................................... 9

Protection of Lawful Commerce in Arms Act,
   15 U.S.C. ch. 105 .................................................................................. 9, 10
   15 U.S.C. § 7903(5)(C) ............................................................................. 9

DEFENDANT'S REPLY IN SUPPORT
OF 12(B)(1) AND 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6) ..................................................................................1

<u>Legislative Materials</u>

Substitute Senate Bill 5078,
  68th Leg., Reg. Sess. (Wash. 2023) ......................................................passim
    § 2(6)(b) ................................................................................................7

<u>Other Authorities</u>

Wash. Off. of the Att'y Gen., *AG Ferguson, Gov. Inslee bill to hold the gun industry responsible passes Legislature* (Apr. 14, 2023), https://tinyurl.com/2s4yevac ...............................................3, 4

DEFENDANT'S REPLY IN SUPPORT
OF 12(B)(1) AND 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

iv

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## I.   INTRODUCTION

Despite seeking to challenge Washington's firearms accountability law before it has been enforced, NSSF refuses to identify any action its members intend to take—or have taken—that would violate the law. Instead, NSSF repeatedly insists its members do nothing more than engage in "lawful commerce." But NSSF cannot have it both ways. NSSF cannot challenge the State's ability to hold industry members accountable for business practices leading to criminal misuse of firearms while simultaneously refusing to point to anything its members have done or will do that could fall into that category.

NSSF's unripe challenge rests on hypothetical "empty shadows," seeking constitutional adjudication without any factual basis to anchor its claims. To avoid this conclusion, NSSF attempts a screeching pivot, claiming it never brought a facial challenge—absurd on the face of the complaint—and instead brings only an as-applied challenge. But NSSF's claim cannot be "as applied" to all its members for any unspecified thing they might do—that is simply a facial challenge by another name, and it is unripe under blackletter Ninth Circuit law. This Court should therefore dismiss the complaint for lack of subject matter jurisdiction. In the alternative, the Court should dismiss NSSF's preemption claim under Rule 12(b)(6) because it is not based on any cognizable private cause of action.

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II. ARGUMENT

A. **This Case is Not Justiciable**

### 1. NSSF has not alleged any conduct that would violate SSB 5078

Despite NSSF's attempts at distraction, its pre-enforcement challenge fails because it has not alleged any specific conduct that would even arguably violate SSB 5078. Instead, NSSF claims only that its members intend to "continu[e] to lawfully make, sell, and market lawful products[.]" ECF No. 56 at 9. In other words, NSSF's theory is that because its members operate within the firearms industry, it has standing to challenge a law regulating the industry. But "[a]s a matter of common sense," an allegation that a plaintiff is "subject to" a challenged law cannot establish standing. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1007 (9th Cir. 2011).

Rather, a plaintiff must assert a concrete plan—not just a "hypothetical intent"—to engage in *specific* conduct proscribed by the statute. *Arizona v. Yellen*, 34 F.4th 841, 849-51 (9th Cir. 2022). NSSF's cited cases illustrate what is required: Arizona had standing to challenge a federal COVID-19 relief act when it accepted funds, certified it would meet certain conditions, but passed a $1.9 billion tax cut that would likely violate those conditions. *Id*. Similarly in *Driehaus*, advocacy organizations had standing to challenge an Ohio prohibition on "false" campaign speech when they alleged specific campaign statements they intended to make that would fall under the statute's prohibitions—and had

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1 | already been subject to enforcement for similar past statements. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161-62 (2014).

By contrast, NSSF has not pleaded any specific, proscribed course of conduct. Lawfully making, selling, and marketing lawful products does not suffice. *See* ECF No. 56 at 9, 10. Rather (as the press release cited by NSSF notes), SSB 5078 targets unlawful and irresponsible industry practices: failing to comply with existing law or "to establish, implement and enforce reasonable controls . . . to keep [firearms] out of the hands of dangerous individuals." Wash. Off. of the Att'y Gen., *AG Ferguson, Gov. Inslee bill to hold the gun industry responsible passes Legislature* (Apr. 14, 2023), https://tinyurl.com/2s4yevac. Without "any description of intended . . . conduct" that would fall afoul of these proscriptions, the Court "cannot analyze whether what [the plaintiffs] would like to do even arguably falls within the scope of" the statute, let alone whether they "face a credible threat of prosecution[.]" *Carrico*, 656 F.3d at 1007.

For this reason, Washington's general intent to enforce SSB 5078, and the law's inclusion of a private cause of action, are irrelevant, because NSSF does not show that it has or will engage in proscribed conduct. *Cf.* ECF No. 56 at 4, 12, 13. Unlike in *Italian Colors*, where businesses challenging California's ban on credit card surcharges "declared their specific intent" to impose surcharges "at their stores, on their customers," here there is no such "concrete plan." *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1174 (9th Cir. 2018); *see also Tingley v.*

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  *Ferguson*, 47 F.4th 1055, 1067-68 (9th Cir. 2022) (therapist alleged "specific past instances" of therapeutic work that would have violated conversion therapy law).

This irreducible standard does not mean—contrary to NSSF's muddled analysis (ECF No. 56 at 10)—that NSSF must admit its proposed actions would ultimately be judged illegal or unreasonable. The *Driehaus* organizations did not need to confess their statements would be knowing lies—but they needed to specify what the statements were (and the state had already found probable cause for enforcement). 573 U.S. at 163. And Arizona didn't need to confess to each element of a federal violation, because it had done "everything short" of that by passing a billion-dollar tax cut. *Arizona*, 34 F.4th at 850-51. There is no such action or intended action here.

NSSF cannot skirt this basic failure by pointing to a lawsuit filed by the City of Buffalo under New York law. Its contention that Washington will sue NSSF members under the same theories as those pursued by other jurisdictions under a different law is purely speculative, based on nothing more than one line of a press release noting the lawsuit's existence, without "laud[ing]," "touting," or otherwise commenting on it (*cf.* ECF No. 56 at 9, 12). Wash. Off. of the Att'y Gen., *AG Ferguson, Gov. Inslee bill to hold the gun industry responsible passes Legislature* (Apr. 14, 2023), https://tinyurl.com/2s4yevac. *See Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175-76 (9th Cir. 2022) (civil investigative demand did not confer standing where state had not determined whether to enforce CID,

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  let alone bring lawsuit against Twitter; "to complain about the CID in this posture

2  is to speculate about injuries that have not and may never occur[ ]").

3        Moreover, NSSF cannot have it both ways. NSSF is entitled to argue

4  SSB 5078 wrongly imposes liability for actions it thinks are harmless. But it

5  cannot challenge the law while refusing to acknowledge any intent to engage in

6  these actions. For example, Buffalo's lawsuit asserts that the defendants: (a) used

7  marketing tactics targeted at criminal use; (b) supplied more firearms than the

8  legal market could bear to induce illegal sales; (c) failed to train dealers to avoid

9  illegal transactions; and (d) refused to terminate contracts with distributors who

10 sold to irresponsible dealers. Notice of Removal, Ex. B (Verified Complaint)

11 at 13, *City of Buffalo v. Smith & Wesson Brands, Inc.*, No. 1:23-cv-66, W.D.N.Y.

12 Jan. 23, 2023 (Dkt. 1-1). NSSF does not assert, let alone provide any details to

13 show, that its members have engaged or intend to engage in conduct that would

14 fall into these categories. *Cf. Tingley*, 47 F.4th at 1067-68 (therapist provided

15 "detail[ed] . . . examples" of past violative practice); *Stormans, Inc. v. Selecky*,

16 586 F.3d 1109, 1123 (9th Cir. 2009) (pharmacists pointed to "specific past

17 instances when they have refused to sell Plan B").

18       Finally, NSSF's vagueness claim does not alter the "rigid" injury-in-fact

19 prong. *Carrico*, 656 F.3d at 1006. NSSF claims its members will be forced to

20 "modify their speech and behavior" (ECF No. 56 at 14 (source alterations

21 accepted) (quoting *Italian Colors*, 878 F.3d at 1173)), but does not explain how.

22 NSSF does not assert that any of its members have made any changes in

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

anticipation of Washington's law, or that they have done so in any other states where similar laws have gone into effect. *Cf. Italian Colors*, 878 F.3d at 1174 (plaintiffs refrained from posting credit card surcharges for fear of enforcement action, showing chilled conduct for standing purposes); *Carrico*, 656 F.3d at 1006 (when alleging chilled speech or conduct, "'specific present objective harm or a threat of specific future harm[]'" is required (quoting *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010))). Further, *selling* firearms is not constitutionally protected. ECF No. 32 at 31-33 (citing cases); *Isaacson v. Mayes*, __ F. Supp.3d __, No, CV-21-01417-PHX-DLR, 2023 WL 315259, at *5 (D. Ariz. Jan. 19, 2023) (no pre-enforcement vagueness standing where supposedly chilled activity not constitutionally protected); *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1350 (11th Cir. 2011) (same).

**2.  NSSF similarly lacks standing on its First Amendment claim**

NSSF contends that even if it lacks standing on its other claims, its First Amendment claim should survive based on its allegation of chilled speech. ECF No. 56 at 13-14. But NSSF does not come close to meeting this standard, which requires allegations that are "concrete[]" and "particular[]," rather than "vague" and "speculative." *Twitter*, 56 F.4th at 1175. NSSF claims the following assertions are enough to "'clearly . . . allege facts demonstrating' . . . how, exactly" SSB 5078 will chill its speech (*id*. (citation omitted)):

- Minuteman "market[s] our products for some unique applications and unique marketing styles, methods" and "fear[s] that our first

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

amendment rights will be restricted." ECF No. 18 at 3-4 (¶ 10).

- Beretta and Smith & Wesson do not know "what marketing activity might be construed as a violation" and would therefore have to "cease all marketing activity entirely." ECF No. 19 at 4; ECF No. 20 at 4 (¶ 11).

This is self-evidently insufficient under Ninth Circuit law. *See Twitter*, 56 F.4th at 1175 ("highly speculative" employee declaration, alleging that speech would be chilled without explaining how, insufficient to show standing).

The same is true for the declarants' assertion that they manufacture "youth-model firearms . . . including (but not limited to) youth-model shotguns" (notably, the declarations do not claim they market these firearms as youth models). ECF No. 19 at 5; ECF No. 20 at 4. Without more, this is far too generic to demonstrate standing. NSSF does not provide a single example of a "youth-model" firearm, or explain what would make this unidentified product "[d]esigned, sold, or marketed in a manner that is targeted at minors[.]" SSB 5078, § 2(6)(b). Nor does it provide examples or even descriptions of the youth marketing it claims will be chilled. This, too, is insufficient to determine whether the activity would even be prohibited. *See Twitter*, 56 F.4th at 1175; *Tingley*, 47 F.4th at 1067-68.

### 3. This facial challenge is prudentially unripe

This case is paradigmatically prudentially unripe because it asks the court to decide constitutional claims in a factual vacuum. Contrary to NSSF's contention, the Ninth Circuit routinely applies prudential ripeness. *See, e.g.*, *Tingley*, 47 F.4th at 1070-71 (9th Cir. 2022); *Ass'n of Irritated Residents v. U.S.*

DEFENDANT'S REPLY IN SUPPORT
OF 12(B)(1) AND 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  *Env't Prot. Agency*, 10 F.4th 937, 944 (9th Cir. 2021). NSSF's cited cases note
2  only that the court does not "analyze the prudential component of the ripeness
3  inquiry in private contract litigation," irrelevant here. *Golden v. California*
4  *Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1086-87 (9th Cir. 2015) (citing
5  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005)).

6  NSSF has brought a facial challenge to SSB 5078—in other words, "an
7  attack on a statute itself[.]" *City of Los Angeles v. Patel*, 576 U.S. 409, 415
8  (2015); ECF No. 1 at 37 (seeking declaration that SSB 5078 is unconstitutional
9  "on its face"). For all five claims, the Complaint facially attacks the
10 constitutionality of SSB 5078 on its text, unmoored from any specific factual
11 application. *Id.* at 16-37. This is precisely the type of case that is "unfit for judicial
12 resolution": constitutional claims supported by "a few conclusory affidavits,"
13 with no "concrete factual scenario that demonstrates how" SSB 5078 "infringe[s]
14 [NSSF's] constitutional rights." *Thomas v. Anchorage Equal Rts. Comm'n*, 220
15 F.3d 1134, 1141 (9th Cir. 2000).

16 NSSF acknowledges "courts may have reason to wait for more concrete
17 developments" before deciding a facial challenge to SSB 5078. ECF No. 56
18 at 16-17. Yet it now seeks to avoid the heavy burden of its chosen theory by
19 claiming, absurdly, that it has "simply not . . . brought" a facial challenge, and
20 any suggestion otherwise is a figment of the State's imagination. ECF No. 56
21 at 16-17. This radical departure from its Complaint only underscores the lack of
22 any genuine as-applied challenge. An as-applied challenge asks only whether the

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

statute is unconstitutional "*in the circumstances of this case.*" *United States v. Kuzma*, 967 F.3d 959, 975 (9th Cir. 2020). NSSF's claims cannot be "as applied" as to all its members for anything they might do. *Cf. Isaacson v. Horne*, 716 F.3d 1213, 1220-21 (9th Cir. 2013) (physicians bringing pre-enforcement challenge alleged they have performed and will continue to perform abortions on or after twenty weeks gestation, which state law would criminalize). NSSF's constitutional challenge, unmoored from factual context, runs counter to fundamental principles of prudential ripeness and judicial restraint. *See, e.g.*, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008).

**B.     There is No Cause of Action For an Affirmative Claim Under PLCAA**

NSSF acknowledges that the Supremacy Clause, PLCAA, and the Declaratory Judgment Act all fail to create a private cause of action to support its preemption claim. ECF No. 56 at 18. It instead points to the courts' inherent equity powers and 42 U.S.C. § 1983, but neither support its claim.

First, the courts' *Ex parte Young* equitable power does not apply when Congress has explicitly or implicitly foreclosed the ability to pursue a private right of action for an alleged preemption violation. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015); 15 U.S.C. § 7903(5)(C) (no provision of PLCAA "shall be construed to create a public or private cause of action or remedy"). There is no requirement that this be through a "detailed remedial scheme" for enforcement of a statutory right against a State. Indeed, the statute in *Armstrong* did not contain such a scheme; rather, the Court determined that, as here, the statute's nature was

DEFENDANT'S REPLY IN SUPPORT
OF 12(B)(1) AND 12(B)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

incompatible with private enforcement. *Id*. at 328-39; *see also id.* at 337 (majority made its determination "without pointing to the sort of detailed remedial scheme we have previously deemed necessary" (Sotomayor, J., dissenting)).[1]

Second, a § 1983 suit requires a separate, unambiguously enforceable private right. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). PLCAA provides no such right to be affirmatively enforced; rather, it allows courts to determine preemption "once a case . . . properly comes before a court." *See Armstrong*, 575 U.S. at 326; *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1142 (9th Cir. 2009) (courts adjudicate whether lawsuit meets definition of "qualified civil liability action" after filing). At best, PLCAA expresses "congressional preference for certain kinds of treatment" for firearm industry members, which is insufficient to create an enforceable federal right. *See, e.g.*, *Suter v. Artist M.*, 503 U.S. 347, 362 (1992).

### III.   CONCLUSION

The Court should dismiss this case for lack of subject matter jurisdiction or, alternatively, dismiss NSSF's preemption claim for failure to state a claim.

---

[1] NSSF's cited cases predate *Armstrong*, do not involve preemption claims, and concern statutes permitting private compliance actions against states and others. *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1185 (9th Cir. 1997); *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 424 (9th Cir. 1996).

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

DATED this 17th day of July, 2023.

>ROBERT W. FERGUSON
>  *Attorney General*
>
>NOAH G. PURCELL, WSBA 43492
>  *Solicitor General*
>
> s/ *Emma Grunberg*
>EMMA GRUNBERG, WSBA 54659
>TERA M. HEINTZ, WSBA 54921
>  *Deputy Solicitors General*
>SARAH E. SMITH, WSBA 55770
>JOSEPH D. EHLE, WSBA 52549
>  *Assistant Attorneys General*
>1125 Washington Street SE
>PO Box 40100
>Olympia, WA  98504-0100
>(360) 753-6200
>Noah.Purcell@atg.wa.gov
>Emma.Grunberg@atg.wa.gov
>Tera.Heintz@atg.wa.gov
>Sarah.E.Smith@atg.wa.gov
>Joseph.Ehle@atg.wa.gov
>
>*Attorneys for Defendant Robert W. Ferguson*

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT NO. 2:23-CV-00113-MKD

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 17th day of July, 2023, at Olympia, Washington.

*s/ Leena Vanderwood*
LEENA VANDERWOOD
 *Paralegal*
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 570-3411
Leena.Vanderwood@atg.wa.gov

DEFENDANT'S REPLY IN SUPPORT OF 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT
NO. 2:23-CV-00113-MKD

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200