# EXHIBIT B

# CORR CRONIN | LLP

STEVEN W. FOGG
*Attorney at Law*

(206) 274-8669
sfogg@corrcronin.com

August 8, 2023

The Chambers of the Hon. Mary K. Dimke
United States District Court for the Eastern District of Washington
Thomas S. Foley United States Courthouse
920 West Riverside Avenue, Room 840
Spokane, WA 99201

Re: *National Shooting Sports Foundation v. Ferguson,* No.23:23-cv-00113

Dear Judge Dimke:

On August 7, 2023, the Ninth Circuit issued a published opinion in *Teter v. Lopez*, No. 20-15948. A copy of the Ninth Circuit's decision is attached to the Statement of Additional Authorities as Exhibit A.

*Teter* squarely forecloses Washington's arguments against NSSF's standing to challenge Senate Bill 5078. The state contends that NSSF lacks standing "[b]ecause NSSF fails to specify 'when, to whom, where, or under what circumstances' it[s members] intend[] to violate SSB 5078." Dkt.31 at 10. *Teter* explicitly rejected that cramped view of Article III. The state in *Teter* made the exact same argument, i.e., that the plaintiffs lacked standing because they failed to specify "the 'particular time or date on which plaintiffs intend to violate' the challenged statute." Slip op. 11–12. Although some earlier Ninth Circuit cases could be read to support "these stricter requirements," *Teter* held that those cases are "no longer good law" on this point. Slip op. 12. Rather, under the Supreme Court's intervening decision in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), "exact dates and times are not necessary"; "all that is required is that the plaintiff establish 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and [that] there exists a *credible threat* of prosecution.'" *Id.* (quoting *Driehaus*, 573 U.S. at 159). NSSF has amply satisfied those requirements here. There is no dispute that NSSF members intend to continue their core business operations of manufacturing, marketing, and selling firearms and related products, or that such conduct is affected with a constitutional interest.[1] And while the state complains that NSSF has not told it what exactly "its members intend

---

[1] Indeed, *Teter* reiterated that because "the Second Amendment protects 'the ability to acquire arms,'" firearm manufacturers and sellers have "'derivative standing to assert the subsidiary right to acquire arms on behalf of [their] potential customers.'" Slip op. 10 & n.4 (quoting *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677–78 (9th Cir. 2017) (en banc)).

The Chambers of the Hon. Mary K. Dimke
Re:  *National Shooting Sports Foundation v. Ferguson*, No. 2:23-cv-00113
August 8, 2023
Page 2

to [do] … that would violate SSB 5078," Dkt.31 at 10, the state has never denied that SB 5078 imposes liability for commercial firearms activity that is *not unlawful anywhere*, not to mention for non-misleading advertising about lawful products.

The only question, then, is whether NSSF's members face a threat of enforcement that is "not 'imaginary or wholly speculative.'"  *Driehaus*, 573 U.S. at 160.  The answer is yes.  The state has argued that NSSF lacks a credible fear of enforcement because no specific warning or threat to initiate proceedings has been made to any of its members.  But *Teter* rejected that argument too, explaining that the "suggestion that a plaintiff must *always* prove 'a specific warning or threat to initiate proceedings' has no basis in our precedent."  Slip op. 13.  To be sure, the threat-of-prosecution inquiry serves to ensure that plaintiffs challenging a statute can "demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 836-37 (9th Cir. 2012).  But "where the plaintiffs' injury is 'not a hypothetical risk of prosecution but rather actual, ongoing … harm resulting from their' adherence to the challenged statute," that requirement is satisfied, and "a threat of prosecution is unnecessary to prove standing." Slip op. 8 n.2 (ellipsis in original) (quoting *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 855 (9th Cir. 2002)). Given the vague-but-sweeping prohibitions that SB 5078 imposes, the only way NSSF members could be certain of their "adherence to the challenged statute" would be by ceasing to manufacture, market, and sell their lawful products altogether.  That would be textbook constitutional injury—and it is not something litigants must endure just to have their day in court.

Respectfully submitted,

CORR CRONIN LLP

*s/ Steven W. Fogg*
Steven W. Fogg, WSBA No. 23528
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
sfogg@corrcronin.com

The Chambers of the Hon. Mary K. Dimke
Re: *National Shooting Sports Foundation v. Ferguson*, No. 2:23-cv-00113
August 8, 2023
Page 3

                                                Paul D. Clement*
                                                Erin E. Murphy*
                                                Matthew D. Rowen*
                                                Mariel A. Brookins*
                                                CLEMENT & MURPHY PLLC
                                                706 Duke Street
                                                Alexandria, VA 22314
                                                (202) 742-8900

                                                * admitted *pro hac vice*

                                                Counsel for Plaintiff