

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100  ●  Olympia, WA  98504-0100  ●  (360) 753-6200

August 9, 2023

Hon. Mary K. Dimke
P.O. Box 1493
Spokane, WA 99201
*Via E-Filing*

**Re:**    *NSSF v. Ferguson*, Case No. 2:23-cv-00113-MKD

Dear Judge Dimke:

Defendant Robert Ferguson submits this letter in response to NSSF's correspondence of August 8, 2023 (ECF No. 61-2). NSSF's letter mischaracterizes both the State's standing arguments and the Ninth Circuit's recent decision in *Teter v. Lopez*, No. 20-15948, 2023 WL 5008203 (9th Cir. Aug. 7, 2023).

First, NSSF is arguing with a straw man—the State has never asserted that NSSF needs to give the "exact dates and times" that it intends to violate the law. Rather, the State maintains that some concrete detail is necessary to show how NSSF intends to violate the law, i.e. "when, to whom, where, or under what circumstances." ECF No. 31 at 18.

In attempting to elide these distinct concepts, NSSF mischaracterizes both *Teter* and other binding Ninth Circuit law. Last year, the Ninth Circuit rejected a standing claim because the plaintiffs "have not, in short, provided any information about the 'when, to whom, where, or under what circumstances' they would use soundboard technology but for the challenged policies." *Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1211 (9th Cir. 2022) (quoting *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010). Far from repudiating this standard, the Court in *Teter* in

ATTORNEY GENERAL OF WASHINGTON

August 9, 2023
Page 2

fact *relied* on *Unified Data Services* to provide the operative framework for pre-enforcement standing analysis. *Teter*, 2023 WL 5009203, at *5–6.

In short, NSSF attempts to equate the need for a "specific," "concrete" plan—which is unambiguously Ninth Circuit law, as reiterated in *Teter*, *id.* at *5—with the straw man of "exact dates and times." The *Teter* plaintiffs met the concrete plan requirement to challenge Hawai'i's ban on butterfly knives: each declared under penalty of perjury that they: (1) previously owned butterfly knives; (2) were forced to dispose of them because of Hawai'i's ban; and (3) "wish to purchase replacement butterfly knives and would do so were the law not in place." *Id.* at *2, 5. NSSF, by contrast, has never identified *any* specific action, *at any time*, that it or its members have been prevented from taking or forced to take as a result of SSB 5078.

Finally, NSSF cites *Teter*'s quotation of a 2002 case stating that threat of prosecution is not necessary "where the plaintiffs' injury is 'not a hypothetical risk of prosecution but rather actual, ongoing . . . harm resulting from their' adherence to the challenged statute." *Id.* at *3 n.2 (quoting *Nat'l Audubon Society, Inc. v. Davis*, 307 F.3d 835, 855 (9th Cir. 2002)). Unlike the plaintiffs in *Teter* and *Davis*, NSSF does not allege actual, ongoing harm. Its letter claims its members *would*, hypothetically, have to "ceas[e] to manufacture, market, and sell their lawful products altogether[ ]" to be certain of adherence. ECF No. 61-2 at 3. Leaving aside the credibility of that assertion, NSSF's letter itself acknowledges this is not a course of action any of its members have actually taken. Because NSSF's standing claim is rooted in fear of future harm, it requires a concrete plan and a credible threat of enforcement.

Respectfully submitted,

 *s/ Emma Grunberg*
Emma Grunberg, WSBA 54659
Deputy Solicitor General
(206) 521-3222